[No. 15304.    Department One.—November 27, 1895.]

ROBERT B. KNOWLTON, PLAINTIFF, v. JOHN MAC-
KENZIE AND C. H. KAUFMAN, DEFENDANTS. · C.
H. KAUFMAN, APPELLANT, GEORGE O. DAVIS,
INTERVENOR, RESPONDENT.

JUDGMENT AGAINST ASSIGNEE OF INSOLVENT — PAYMENT TO ASSIGNOR OF
CLAIMANT — FINDING OF FACT AMONG CONCLUSIONS OF LAW — CON-
CLUSIVENESS UPON APPEAL.—Where judgment was rendered against an
assignee for the benefit of creditors of an insolvent stockbroker, in favor
of an intervening creditor, for the difference between the amount real-
ized by the assignee from the sale of stocks belonging to the intervenor's
assignor, and a sum of money deducted therefrom on account of moneys
received by such assignor, the finding that such sum was to be deducted
from such amount is a finding of fact, although placed after the conclu-
sions of law; and, in the absence of the evidence presented thereon in a
statement or bill of exceptions, such finding of fact is conclusive upon
appeal.

ID. — UNAUTHORIZED MODIFICATION OF JUDGMENT. — After the court has
rendered judgment in accordance with its findings, neither the findings
nor the judgment can be changed except through a motion for a new
trial, or upon appeal, and the court loses all power to change its findings
of fact after the entry of judgment, in the absence of a motion for a new
trial, and has no power, in the absence of such motion, to modify the
judgment drawn from the findings of fact as made.

ID.—STIPULATION FOR MODIFICATION OF JUDGMENT—STATEMENT OF ATTOR-
NEY.—Where some of the parties to the action stipulated for a modifi-
cation of the judgment, but the attorney for the appellant expressly
refused to sign any stipulation, and merely verbally expressed the will-
ingness of his client to obey the order of the court, such statement is
not the equivalent of a stipulation, and does not prevent his client from
objecting upon appeal to the want of authority in the court to modify
the judgment.

ID.—AUTHORITY OF ATTORNEY TO BIND CLIENT—PRESUMPTION—KNOWL-
EDGE OF CLIENT'S INSTRUCTIONS.—Although, as a general rule, a stipu-
lation of an attorney will be presumed to have been authorized by the
client, yet, when the adverse party, as well as the court, is aware that
the attorney is acting in direct opposition to his client's instructions or
wishes, the reason of the rule ceases, and the court ought not to act
upon the stipulation, nor can the adverse party claim the right to en-
force a judgment rendered by reason thereof.

ID.—CONSENT TO MODIFICATION OF JUDGMENT—AUTHORITY OF ATTORNEY.
For the purpose of prosecuting and defending an action the authority of
an attorney ordinarily terminates with the entry of judgment except for
the purpose of enforcing it, or seeking to have it set aside or reversed;
and, when the judgment has once been entered under the direction of
the court, the rights of the client have been determined, and the at-
torney ceases to have any authority to consent to its modification, to
the prejudice of the client, without his consent.

APPEAL—DISMISSAL—PROOF OF SERVICE OF LOST NOTICE—SUPPLY OF REC-
ORD.—Where a motion is made to dismiss an appeal upon the ground
that the transcript fails to show that the notice of appeal was served
upon the respondent, the appellant in reply thereto may file as a portion
of the record a certified copy of proceedings in the superior court, show-
ing that the original notice of appeal has been lost, and that it has been
established to the satisfaction of that court that the notice of appeal set
forth in the printed transcript was duly served, and a written admis-
sion of the service made by the attorney for the respondent indorsed
upon the same, and that said notice of appeal was filed in the office of
the clerk of that court; and that the court thereupon made an order
directing that a copy of the notice of appeal, together with the affidavit
showing its original filing and service, be filed *nunc pro tunc;* and the
substituted papers made upon such order of the court are entitled to
the same weight as the originals.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. T. H. REARDON,
Judge.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* for Appellant.

The modified judgment is in excess of the findings,
and cannot be maintained upon appeal. (*North Pac.
R. R. Co.* v. *Reynolds,* 50 Cal. 91, 93; *Bosquett* v. *Crane,*
51 Cal. 505; *Dowd* v. *Clarke,* 51 Cal. 262; *Knight* v. *Roche,*
56 Cal. 15, 25; *Evans* v. *Jacobs,* 59 Cal. 628; *West Coast
etc. Co.* v. *Newkirk,* 80 Cal. 275, 280.) The modification
of the judgment was not made by consent of appellant,
and his attorney had no authority to consent thereto,
or to compromise or surrender his rights. (*Pfister* v.
*Wade,* 69 Cal. 133, 140; *Preston* v. *Hill,* 50 Cal. 43; 19
Am. Rep. 647; *Edwards* v. *Edwards,* 29 La. Ann. 597;
*Wadhams* v. *Gay,* 73 Ill. 415; *Fitch* v. *Scott,* 3 How.
(Miss.) 314; 34 Am. Dec. 86, 93, et seq., note; *Lockhart*
v. *Wyatt,* 10 Ala. 231; 44 Am. Dec. 481; *Doe ex dem. Rey-
nolds* v. *Ingersoll,* 11 Smedes & M. 249; 49 Am. Dec. 57.)

*James G. Maguire, Frank Shay,* and *George W. Towle,*
for Respondent.

The record shows that the judgment was by consent,
and the appeal should be dismissed. (*San Francisco* v.

*Certain Real Estate,* 42 Cal. 513, 518; *Sleeper* v. *Kelly,* 22 Cal. 456; *Coryell* v. *Cain,* 16 Cal. 567, 572; *Brotherton* v. *Hart,* 11 Cal. 405; *Imley* v. *Beard,* 6 Cal. 666; *Mecham* v. *McKay,* 37 Cal. 154, 158; *McCreery* v. *Fuller,* 63 Cal. 30; *Partridge* v. *Shepard,* 71 Cal. 470, 475.)   The assignee, being a trustee for the benefit of creditors, is not a party aggrieved. (Code Civ. Proc., sec. 938; *Goldtree* v. *Thompson,* 83 Cal. 420, 422; *Roach* v. *Coffey,* 73 Cal. 281, 282; *Estate of Marrey,* 65 Cal. 287; *Bates* v. *Ryberg,* 40 Cal. 463, 465; *Estate of Wright,* 49 Cal. 550; *Rosenberg* v. *Frank,* 58 Cal. 387, 420; *In re Dewar's Estate,* 10 Mont. 422; *Estate of Jessup,* 80 Cal. 625.)

HARRISON, J.—The defendant Mackenzie was engaged as a stockbroker in San Francisco, and on the 3d of December, 1886, made an assignment for the benefit of his creditors to C. H. Kaufman, the appellant herein, under the provisions of title III, part II, division IV, of the Civil Code, and on the same day transferred to him certain money and other personal property.   Included in the property so transferred were certain mining stocks belonging to M. H. McDonald, which were subsequently sold by Kaufman under directions from one Scott, to whom McDonald had transferred her claim against Mackenzie, and for which Kaufman realized the sum of $5,316.55.   The court found that the sum of $1,494.03, which had been received by McDonald from Kaufman, should be considered as a payment upon this claim, and found, as a conclusion of law, "that the intervenor, George O. Davis, is entitled to a judgment against the defendant C. H. Kaufman, assignee of John Mackenzie, in the sum of $3,822.52."   Davis was the successor in interest through Scott to the claim of McDonald, and had filed a complaint in intervention in the action. These findings of the court were filed January 21, 1889, and judgment thereon was signed and filed on the same day, and entered of record January 31, 1889, by which it was adjudged "that the intervenor, George O. Davis, do have and recover of and from the defendant C. H.

Kaufman the sum of $3,822.52." May 24, 1889, the court made an order, which was entered in its minutes, that the judgment be modified "by striking out therefrom $3,822.52, and substituting in lieu thereof $5,769.52, so that the said George O. Davis shall have and recover of and from the said C. H. Kaufman the sum of $5.769.52 instead of the sum of $3,822.52," and that said modification be made *nunc pro tunc* of the 31st of January, 1889, and that the clerk of the court make an entry thereof in the original judgment entered in the judgment-book. Thereupon the clerk drew a line, in red ink, upon the face of the judgment, through the figures $3,822.52, and inserted directly after them, in red ink, the figures $5,769.52, and wrote on the margin, "Modified by the order of court, May 24, 1889." From this judgment Kaufman has appealed upon the judgment-roll alone, without any bill of exceptions.

1. The finding that Kaufman realized the sum of $5,316.55 from the sale of the stocks belonging to McDonald, the respondent's assignor, is the basis of the judgment against him, and, in the absence of any qualifying finding of fact, would have authorized a judgment against him for that amount. The further finding that of the moneys received by McDonald the sum of $1,494.03 was to be deducted from this amount, and that the remainder of the moneys received by her were to be treated as a dividend upon her general claim against Mackenzie, must be regarded upon this appeal as authorized by the evidence before the trial court. If the appellant would question the conclusion of this finding, it was incumbent upon him to except thereto, and have the evidence thereon presented in a statement or bill of exceptions. This finding is placed after the conclusions of law, and is given as a fact resulting from the other findings of fact, but does not cease to be a finding of fact by reason of its position. Upon the findings, therefore, the court was authorized to render the judgment which was originally given and entered in favor of the intervenor.

2. The subsequent modification of the judgment was unauthorized.    After the court had rendered judgment in accordance with its findings, such judgment could be changed only through a motion for a new trial, or upon appeal.    As a judgment must depend upon the conclusions of law drawn from the findings of fact (*Broder* v. *Conklin*, 98 Cal. 360), before a judgment drawn from these findings of fact can be changed, the findings of fact must themselves be changed so as to support a different judgment; and, as the court loses all power to change its findings of fact after the entry of judgment (*Smith* v. *Taylor*, 82 Cal. 533; *Los Angeles* v. *Lankershim*, 100 Cal. 532), the only mode in which the findings of fact can be changed is by means of a motion for a new trial.    (*Egan* v. *Egan*, 90 Cal. 15.)    This proposition is not controverted by the respondent, but it is claimed that the action of the court in modifying the judgment was authorized by a stipulation of all the parties to the action.    This contention, however, is not sustained by the terms of the order, or of the stipulation upon which the order is based.    The appellant not only did not sign the stipulation, but the order modifying the judgment recites that it was signed "by all the respective parties in this action, *except the defendant Kaufman,*" and, also, that "said Kaufman, by his attorney, being present, and *having refused to sign any stipulation,* but expresses the willingness of the assignee to obey any order of the court in the cause."    Whatever may have been intended by the statement of his attorney that the assignee was willing "to obey any order of the court in the cause," it did not confer upon the court any authority to modify the judgment that had been entered against him, by increasing the amount for which he was declared liable. The stipulation of the other parties for increasing the amount of the judgment against him could not confer any such authority, and, in the face of the express declaration by the attorney that his client refused to sign any stipulation, the court was not authorized to accept the attorney's statement of the "willingness" of his

client as the equivalent of a stipulation. The attorney is only the agent of the client for the management and conduct of the cause while it is pending before the court for determination, and, as such agent, he has authority to bind his client in all matters pertaining to the conduct and management of the suit. The ground upon which it is held that a client is bound by the stipulations of his attorney in those matters that are not directly connected with the conduct of the trial, or the procedure of the court in which the cause is pending, is the presumption that the client has given authority to his attorney to make such stipulation; but, whenever it appears that the attorney has entered into an agreement in direct opposition to the instruction of his client, there is no ground for such presumption. As a general rule, a stipulation of the attorney will be presumed to have been authorized by the client, as well in order to uphold the action of the court, as for the protection of the other party to the stipulation; but when the adverse party, as well as the court, is aware that the attorney is acting in direct opposition to his client's instructions or wishes, the reason of the rule ceases, and the court ought not to act upon the stipulation, nor can the adverse party claim the right to enforce a judgment rendered by reason thereof. For the purpose of prosecuting or defending an action the authority of an attorney ordinarily terminates with the entry of judgment (*Kellogg* v. *Gilbert*, 10 Johns. 220; 6 Am. Dec. 335; Weeks on Attorneys, sec. 239), except for the purpose of sustaining and enforcing the judgment, or seeking to have it set aside or reversed. When a judgment in the cause has once been entered under the direction of the court the rights of the client have been finally determined, and the attorney ceases to have any authority to consent to its modification to the prejudice of the client without his consent. In the present case the court had adjudged that the liability of the appellant to Davis was only $3,822.52, and, before his attorney could consent that this liability might be increased by nearly $2,000, there

was needed more than the presumption of authority which existed during the conduct of the trial, and prior to the rendition of the judgment. In *Preston* v. *Hill*, 50 Cal. 43, it was directly held that an attorney has no authority to bind his client by the compromise of a pending action without express authority from the client, and that the court is not authorized to enter a judgment upon such consent if the objection of the client is brought to its notice, or to enforce it in favor of the party for whom it was entered, with knowledge that it was given without the consent of the client. The principles of that case, and the reasoning of the court in its opinion, fully sustain the position of the appellant herein in resisting the action of the court in modifying the judgment which was originally entered against him.

3. It is urged by the appellant that the court erred in entering the judgment against him individually, rather than in his representative capacity; that as the findings of fact show that he received the money realized from the sale of the stocks as the assignee of Mackenzie, the judgment should run against him in the same manner. It is not necessary to determine whether this was error, as the respondent in his brief has consented that the judgment may be modified in this respect.

4. A motion was made to dismiss the appeal herein upon the ground that the transcript fails to show that the notice of appeal was served upon the respondent. In reply thereto the appellant has filed as a portion of the record in the cause in the superior court a copy of certain proceedings therein properly certified by the clerk of that court, from which it appears that the original notice of appeal has been lost, and that it has been established to the satisfaction of that court that the notice of appeal (a copy of which is set forth in the printed transcript herein) was, on the twenty-eighth day of January, 1880, served upon the attorney of record for the respondent herein, and a written admission of the service that said notice was by such attorney indorsed upon the same, and that the said notice of appeal was on the

same day filed in the office of the clerk of that court; and that the court thereupon made an order directing that a copy of said notice of appeal, together with the affidavit showing its original filing and service, be filed *nunc pro tunc*, and that the same has been so filed.

It was held in *Perri* v. *Beaumont*, 88 Cal. 108, that if the evidence of the service of a notice of appeal as contained in the transcript is defective, the appellant will be allowed to show by proper proof that a sufficient service had been made, and, under the rule there given, an appeal will not be dismissed for failure of the transcript to contain proof of the service of the notice, if the appellant is able to show that service has been, in fact, properly made. Section 1045 of the Code of Civil Procedure provides that: "If an original pleading or paper be lost, the court may authorize a copy thereof to be filed and used instead of the original"; and, upon the order of the court made in the present case, the substituted papers are entitled to the same weight as would be the originals.

The motion to dismiss the appeal is denied, and the superior court is directed to strike from the judgment the modification made therein May 24, 1889, and to cause the judgment against the appellant Kaufman to be entered against him as assignee of John Mackenzie, and in favor of the respondent Davis, for the sum of $3,822.52, as of the date of its original entry, January 31, 1889.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.