[S. F. No. 2457.    Department Two.—August 28, 1903.]

## HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. W. W. KAUFMAN, as Administrator, etc., et al., Respondents.

ACTION TO ENFORCE TRUST AND LIEN—SUPPORT OF ADVERSE FINDINGS—
ORDER DENYING NEW TRIAL.—In an action to enforce a trust in money, and a lien therefor upon certain stocks and bonds alleged to have been deposited by an assignee for the benefit of the creditors of an insolvent stockbroker with the defendant bank, with alleged notice of the trust and lien,—where the court, upon sufficient evidence, found that no trust existed, that the bank did not receive the alleged money, and was a *bona fide* pledgee of the stocks and bonds, without notice of any equity, that plaintiff had only a general judgment against the assignee as such, and that the accounts of the administrator of the deceased assignee had been fully settled by judgment at suit of a succeeding assignee, which was paid, and was still in force, and where no error appears in the record, an order denying a new trial to the plaintiff will be affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. W. R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

George W. Towle, James G. Maguire, and Richard P. Henshall, for Appellant.

F. S. Stratton, for W. W. Kaufman, Administrator, Respondent.

T. I. Bergin, for Nevada Bank, Respondent.

McFARLAND, J.—This is an appeal by plaintiff from an order denying its motion for a new trial—judgment having been rendered in the court below in favor of defendants.

We do not deem it necessary to refer here to all of the previous facts, running through many years, out of which this case arose. Many of them are noticed in *Knowlton* v. *Mackenzie,* 110 Cal. 183, and *Herrlich* v. *Kaufmann,* 99 Cal. 271.[1] It is sufficient for the purposes of this decision to state these facts: The defendant W. W. Kaufman is the administrator of C. H. Kaufman, deceased. In December, 1886, one Mackenzie, a stockbroker, failed, and made an assignment for the benefit of his creditors to said C. H. Kaufman, then living. Mackenzie turned over to his assignee, among other assets, certain stocks of mining and other corporations. One M. H. McDonald claimed that some of these stocks belonged to her, and not to Mackenzie. This McDonald claim was assigned by her to one Scott, and was afterwards assigned to George O. Davis, who, before the commencement of this action, assigned the same to the plaintiff herein, the Hibernia Savings and Loan Society. On December 9, 1886,—shortly after the assignment from Mackenzie to Kaufman,—one Knowlton commenced an action against Mackenzie and Kaufman, as assignee, in which he asked that certain shares of stock delivered by Mackenzie to Kaufman be adjudicated to be the property of said Knowlton, and prayed for general relief. Afterwards all the creditors of Mackenzie, including said Davis, who was then the owner of the McDonald claim, became parties to that suit, and they entered into a written agreement that Kaufman should sell the stocks and cash the securities delivered to him by Mackenzie, and distribute the proceeds to the parties in proportion to their respective claims. There was a judgment in that case that said Davis have and recover from Kaufman $3,822.52. Afterwards the court undertook to modify this judgment by increasing it to $5,769.52, but, on appeal to this court, it was held here that the modifications sought to be made after judgment was erroneous, and the court below was directed to enter judgment for the original amount of $3,822.52 against Kaufman "as assignee" of Mackenzie. (*Knowlton* v. *Mackenzie,* 110 Cal. 183.) Afterwards several different parties asserted rights to this judg-

[1] 37 Am. St. Rep. 50.

ment; and in May, 1889, Kaufman instituted a suit in interpleader against Joseph C. Shane et al., and deposited the amount of the judgment with the court. As the amount of the judgment, as it then stood, and before it had been reduced on appeal, was $5,769.52, he paid the latter amount into court. Demurrers to the complaint were filed and sustained, and the case was dismissed. After the dismissal, by leave of the court, he withdrew the said money from court. (See *Kaufman* v. *Superior Court,* 115 Cal. 152.) It is alleged and contended by plaintiff in this present action that C. H. Kaufman, after he had withdrawn said money from court, deposited the same, or nearly all of it, with the defendant the Nevada Bank, and that at the time of Kaufman's death there remained and is now in said defendant bank $648.72, as the remnant of said money which had been so deposited with the bank. And it is also alleged by plaintiff that C. H. Kaufman had also deposited with said defendant bank certain stocks and bonds, and that the bank has still in its possession a large number of such stocks, which are of great value.

Now the plaintiff herein seeks to recover upon this theory: It is alleged and contended that Mrs. McDonald and her assignees had ownership of particular stocks which were transferred from Mackenzie to C. H. Kaufman, and that after the sale under the agreement in *Knowlton* v. *Mackenzie,* 110 Cal. 183, C. H. Kaufman became the trustee of the holders of the McDonald claim for a certain amount of money produced by said sale; that this money was deposited by Kaufman in court in the interpleader suit; that this identical money was afterwards deposited with the defendant the Nevada Bank, and that the bank knew the character of the deposit, and that therefore plaintiff has a lien on the said $648.72, which is the remnant of such deposit; and further, that the said stocks and bonds deposited by Kaufman with said bank were purchased by Kaufman with funds held by him as assignee of Mackenzie, which fact was known to the bank, and therefore they are subject to the lien in favor of plaintiff as holder of the said McDonald claim. The prayer of the complaint is, that it be decreed that the defendant W. W. Kaufman, as administrator of C. H. Kaufman, deceased, has no right to said sum of $648.72, now in the hands

of the bank, nor to any of said stocks and bonds held by the bank; that the plaintiff is the owner of said sum of money and entitled to its immediate possession; that plaintiff has a first lien on said stocks and bonds, and that they, or as many of them as may be necessary, be sold and the proceeds of the sale applied to the satisfaction of plaintiff's claim.

But the court found all the material facts against plaintiff's contention. It found that the money which had been deposited in the interpleader suit had not been deposited with the defendant bank; that C. H. Kaufman for many years had an active account with the bank, and borrowed large sums of money from it, for the security of which he had deposited with the bank the said stocks and bonds, and that the bank had no knowledge that said stocks and bonds were any part of the estate of Mackenzie; that the bank presented a claim against the estate of C. H. Kaufman for $29,933.13, which was allowed by the administrator and the probate judge; that said C. H. Kaufman was not a special trustee of the holders of the McDonald claim for any particular stock, or the product of the sale thereof, but that such holders have only a general money judgment against C. H. Kaufman as assignee of Mackenzie, as adjudicated in the said action of *Knowlton* v. *Mackenzie;* and that said $648.72 is a mere balance due from the bank on C. H. Kaufman's account, and belongs to defendant W. W. Kaufman as administrator of the estate of said C. H. Kaufman. It is sufficient to say that the findings sustained the judgment; and as to the evidence, it is enough to say that it is clearly sufficient to support the findings. The conclusions of law reached by the court below are correct. There are a number of objections to rulings of the court on the admissibility of evidence; but it is sufficient to say on this subject that as to all such rulings as are important and material the action of the court was correct and in accordance with the proper legal theory upon which the rulings were made. The claim of appellant to examine certain books is answered by *Ex parte Clarke,* 126 Cal. 235.[1]

In addition, it is proper to state the following facts: C. H. Kaufman died February 4, 1897, before he had been dis-

[1] 77 Am. St. Rep. 176.

charged as assignee of Mackenzie; and after his death F. A. Denicke was appointed his successor. In August, 1897, Denicke, as such assignee, brought an action against the present defendant, W. W. Kaufman, as administrator of C. H. Kaufman, deceased, for a final settlement of the account of C. H. Kaufman as assignee of Mackenzie. W. W. Kaufman answered, alleging that C. H. Kaufman had fully accounted for all the property which came into his hands as such assignee, except the sum of $260.63, which he admitted to be due and was ready to pay. After a full hearing of the case, the court found and decreed that C. H. Kaufman had faithfully discharged the duties of his trust as such assignee, and fully accounted therefor, and that nothing remained due except the $260.63 admitted as aforesaid. Judgment was rendered for that amount, and for costs to the defendant therein; and the judgment was satisfied by the payment of said sum. This judgment remains in full force and effect.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.