## Case No. 7,928.

### KOUNTZE v. OMAHA.

[5 Dill. 443.] [1]

Circuit Court, D. Nebraska. 1879.

MUNICIPAL TAXATION OF REAL PROPERTY — STATE COURT JUDGMENTS AS RULES OF DECISION IN THE FEDERAL COURT.

1. As to the liability of lands within the limits of a municipal corporation to be taxed for municipal purposes, this court will follow the latest decision of the supreme court of the state on the point.

[Cited in City of Santa Rosa v. Coulter, 58 Cal. 538.]

2. No judicial inquiry is permissible into the motives of the legislators in the enactment of a particular statute.

This is a bill to restrain the sale of lands belonging to the plaintiff [Augustus Kountze] for taxes levied thereon by the city of Omaha for municipal purposes. The gravamen of the bill is that these lands were brought within the limits and jurisdiction of the city by an act of the legislature, which was passed for the sole purpose of imposing the burdens of the expenses of the city government and of the city debt upon the plaintiff, as owner of the lands, when, in point of fact, they were not in a situation nor of a character to be so dealt with and burdened. The proofs bring them within the description of lands exempted from municipal taxation in Bradshaw v. City of Omaha, 1 Neb. 17, and of Oliver v. Omaha [Case No. 10,499], decided in this court by Mr. Justice Miller. But very recently the supreme court of Nebraska has held that such lands are taxable. Turner v. Althaus, 6 Neb. 64. This decision has been made while this suit is pending. At the end of the opinion, however, it is said that it is not intended to apply to cases where "it clearly appears that the sole object of a legislative act extending the power of taxation by a city over a community on lands beyond its original limits is to increase its revenues only, and not for the purpose of any municipal regulations or government over the same."

Mr. Woolworth, for plaintiff.
Mr. Thurston, for defendant.

DILLON, Circuit Judge. In the recent case of Turner v. Althaus, 6 Neb. 64, the supreme court of the state has overruled the case of Bradshaw v. City of Omaha, 1 Neb. 17. While the latter decision remained, this court considered it as establishing a rule of decision which it was its duty to follow. Oliver v. Omaha [Case No. 10,499]. It is equally our duty to follow the rule laid down in the recent case. The same property cannot be held taxable by the one court, and not by the other.

It is inadmissible to institute a judicial inquiry into the intention or motives of legislators in the enactment of a statute, and to make the validity of the enactment depend upon the result of such an examination. The bill must be dismissed; but, under the circumstances, no costs will be allowed to either party. Bill dismissed.