[No. 6,409.—Department Two.]

## CITY OF SANTA ROSA *v.* S. T. COULTER.

Municipal Corporation—Extension of City Limits—Constitutional Law.—The act of March 13th, 1876, extending the corporate limits of the City of Santa Rosa, is constitutional.

Appeal from a judgment for the plaintiff in the Twenty-second District Court, County of Sonoma.   Temple, J.

*A. B. Ware*, for Appellant.

*J. H. McGee*, for Respondent.

Sharpstein, J.:

This is an appeal from a judgment entered in favor of the plaintiff and against the defendant, in the Court below, in an action to recover the tax levied upon certain real estate lying within the corporate limits of the plaintiff.   Said limits were extended so as to include said land on the 13th day of March, 1876.

The appellant insists that the land was not subject to ordinary municipal taxation, and relies upon the following finding of the Court to support his position:

"That at the time of the extension of the limits of said city said property was used solely, and still is used solely for agricultural purposes; that said property was not platted or laid off into town lots; that there were sufficient grounds within said city for city purposes without said property; that said property was not necessary for parks, commons, or drainage purposes, nor for the use of the inhabitants of said city; that there was, at the time of the extension of the limits of said city, ground not laid out into town lots or cut by streets within the limits of said city; that there was no population on the land or beyond it asking to be taken into the city; that no streets through said lands are a public necessity for any purposes of said city; that the comprehending of said lands within said city limits did not increase the value of the land for any purpose, but that the value is increased by reason of the contiguity of said land to said city, but no more

than the lands adjoining the exterior limits of said city; that at other points and in other directions the extension of said limits did include land platted and laid out into town lots, and which the inhabitants desired to have included."

There appears to be some conflict of opinion among the courts which have had occasion to consider the question raised here. In Kentucky and Iowa the view taken by appellant's counsel appears to be favored. But the reverse has been held in Pennsylvania, Nebraska, and Mississippi. (*Kelly* v. *City of Pittsburg,* 85 Pa. St. 170; *Turner* v. *Althouse,* 6 Neb. 547; *Kountze* v. *Omaha,* 5 Dill. 443; *Martin* v. *Dix,* 52 Miss. 53.) The question is discussed in 2 Dillon on Municipal Corporations, section 794 *et seq.,* and we think as he does, "that the obstacles in the way of affording relief in such cases are almost insurmountable." We are not prepared to hold that the act extending the city limits of Santa Rosa is unconstitutional, and there does not appear to be any other ground upon which the tax sued for can be held to be illegal.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.