[Civ. No. 2472. Third Appellate District.—July 17, 1922.]

T. H. FAHEY, Respondent, v. WINFIELD MADDEN et al., Defendants; ROBERT BOEN, Appellant.

[1] NEGLIGENCE—PEDESTRIAN ON HIGHWAY—ATTEMPT TO AVOID AUTOMOBILE — ABSENCE OF CONTRIBUTORY NEGLIGENCE. — A pedestrian walking a machine's width from the left-hand side of a paved highway cannot be said to be guilty of contributory negligence in turning to the left instead of to the right in an attempt to avoid an oncoming automobile.

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reciprocal duty of operator of automobile and pedestrian to use care, notes, 21 **Ann. Cas.** 652; **Ann. Cas.** 1916E, 666; 38 **L. R. A.** (N. S.) 487; 42 **L. R. A.** (N. S.) 1178; 51 **L. R. A.** (N. S.) 990.

Elmer W. Armfield and Arthur B. Eddy for Appellant.

W. H. Morrissey and P. B. Lynch for Respondent.

BURNETT, J.—This is an appeal by Robert Boen from a judgment in favor of plaintiff based upon the verdict of a jury for eight thousand dollars against both defendants allowed as damages for personal injuries. It was alleged in the complaint that Madden was the owner of a certain automobile and "That the said defendant Boen at the time of the accident herein complained of was driving said motor vehicle with the permission, consent and approval of said defendant, Madden, and while so driving said motor vehicle on the fourteenth day of December, 1917, negligently and carelessly drove the said motor vehicle into and over the plaintiff, knocking him to the ground with great force and violence, breaking his leg and bruising and injuring him to such an extent that it was necessary to amputate his right leg just above the knee, and plaintiff's leg was in fact by reason of said negligence and carelessness amputated just above the knee."

The only contention of appellant is that his motion for nonsuit should have been granted for the reason that the only rational conclusion that could be drawn from the testimony for plaintiff is that he was chargeable with contributory negligence. As we view the record the position is utterly untenable. The testimony of plaintiff is to the effect that, when the accident occurred, about 7 o'clock in the evening, he was walking in an easterly direction along the state highway just east of Fairfield, in Solano County. He was returning from Suisun to his work at Cement, and was traveling on the left-hand side of the road about the width of an automobile off of the concrete pavement. When he first saw the automobile it was traveling on said highway in a southerly direction and was then about a mile away. The highway makes a right-angle turn from the northerly and southerly direction to the easterly and westerly direction just before the point where the accident occurred, according to the testimony of Fahey, and the automobile had rounded this turn and had traveled about twenty-five or thirty feet when it swerved to the north of the concrete part of the highway and collided with plaintiff, inflicting

the very serious injuries that are described in the complaint. When plaintiff saw the imminence of the danger, in his own language, he "made an effort to get over there to the left, to get out of the way of the machine; it caught me before I could get out of the way."

Appellant would have the court hold that contributory negligence should be imputed to plaintiff by reason of each of the two circumstances, that he was walking on the left-hand side of the road instead of the right, and that he turned to the left rather than the other direction when he tried to avoid the machine.

As to the former, there is no law and no established criterion of conduct that attributes negligence to one who walks on the left side of a highway. In *Raymond* v. *Hill*, 168 Cal. 482 [143 Pac. 747], it is said: "As to foot-passengers the old common-law freedom of use of the king's highway has not been modified in this state by any positive enactment. So that it still remains the law that foot-passengers have the right to use and traverse the highway at all its points, being chargeable only for the exercise of a due amount of care, which due amount of care in its *quantum,* is governed by the circumstances attending the use which the pedestrian actually makes. Thus in this state, even in populous streets of cities, pedestrians are not restricted to the crossings in traversing a street, but may cross it at any point. And the same is true of their right to walk along the road-bed of a highway."

Of course, the general rule applies that the person having the management of the automobile and the traveler on foot are both required to use such reasonable care, circumspection, prudence, and discretion as the circumstances require; an increase of care being required where there is an increase of danger. "And both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances." (2 Elliott on Roads and Streets, 2d ed., p. 667.) But it cannot be said that plaintiff by traveling as he did failed to meet this requirement. Indeed, there is room for the opinion that "it is safer," in the language of respondent, "to walk along the highway on the side of the road facing the oncoming traffic rather than take the

chance of walking on the opposite side and of being struck by an unseen automobile from behind.'' It is further declared that the soldiers of the United States army, when not marching in formation, are required to walk on the side of the road facing the oncoming traffic. At any rate, for a pedestrian to walk on that side cannot be said, as a matter of law, to constitute negligence. Moreover, it is to be remembered that plaintiff testified that he was walking a machine's width from the paved highway. Assuredly, that could not be considered a place of danger, and he would not be chargeable with negligence in anticipating that an oncoming machine would not leave the pavement, which was constructed for automobile traffic, and to which the opera- tion of machines is ordinarily confined.

[1] Neither can it be said that in turning to the left he was necessarily guilty of contributory negligence. In considering his conduct the excitement and confusion of the moment must be accorded due weight, and under such circumstances, if he made a mistake, the law would hardly hold it against him. Moreover, since he was walking away from the pavement, and might reasonably expect that the driver would attempt to keep his machine thereon, what more natural thing than for the pedestrian to try to get still farther away when he found that the machine was bearing down upon him? Manifestly, his position upon the highway must be regarded in determining what movement reasonable care would require of him when it appeared to him that he was in danger of being run over. If he had been on the paved portion of the highway a different situation might have presented itself, but, under the circumstances, we think no court could hold that the only rational conclusion is that he acted without due caution and circumspection.

We think the trial court was clearly right in denying the motion for a nonsuit and the judgment is therefore affirmed.

Hart, J., and Finch, P. J., concurred.