[Civ. No. 2731.    Third Appellate District.—March 25, 1924.]

R. DEVECCHIO, Appellant, v. BERTRAM A. RICK-ETTS et al., Respondents.

[1] MOTOR VEHICLE ACT — WARNING FROM EMPTY CANS — NONCOMPLIANCE WITH SECTION 12.—The mere fact that a truck traveling upon a public highway is loaded with empty cans is not sufficient to constitute a compliance with the provision of section 12 of the Motor Vehicle Act that "Every motor vehicle shall be equipped with a bell, gong, horn, whistle, or other device in good working order, capable of emitting an abrupt sound adequate in quality and volume to give warning of the approach of such vehicle to pedestrians" and "Every person operating a motor vehicle shall sound said bell, gong, horn, whistle, or other device whenever necessary as a warning of danger."

[2] NEGLIGENCE — RIGHTS OF PEDESTRIANS TO USE HIGHWAY — DUE CARE.—Pedestrians have the right to use and traverse the highway at all its points, being chargeable only for the exercise of a due amount of care, to be governed by the use of the highway actually made; and a pedestrian, struck and injured by an automobile while he is walking in the center of a street, is not negligent as a matter of law in merely being where he was instead of walking along the sidewalk.

[3] ID.—FAILURE OF PEDESTRIAN TO LOOK BEHIND HIM.—A pedestrian walking along a public highway is not guilty of contributory negligence, as a matter of law, because of failure to look behind him and discover an approaching car which may heedlessly run him down.

[4] ID.—CARE REQUIRED OF AUTOMOBILE DRIVER.—The rule of reasonable precaution which the law enjoins upon a driver of an automobile upon a public highway includes the necessity of making certain that pedestrians are aware of the rearward approach of the vehicle, that the vehicle itself is at such a distance from the

———

2. Reciprocal duty of operator of automobile and pedestrian to use care, notes, 8 Ann. Cas. 1092; Ann. Cas. 1916E, 661; 51 L. R. A. (N. S.) 990. See, also, 3 Cal. Jur. 870, 871, 874; 2 R. C. L. 1186.

pedestrian as to avoid running over him in his sudden panic from surprise at knowledge of its unexpected approach, and that the vehicle is under such control as that it may be stopped promptly.

[5] ID.—FAILURE TO ANTICIPATE DRIVER'S NEGLIGENCE—DUTY TO LOOK REARWARD—A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and failure to anticipate omission of such care does not render him negligent; and a pedestrian is not bound, as a matter of law, to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured, his own negligence will defeat recovery of damages sustained.

[6] ID.—FAILURE OF DRIVER TO COMPLY WITH LAW.—Plaintiff having been on a public highway where he had a right to be, and there having been plenty of room for the driver of defendants' truck to have passed him on the left-hand side, and the circumstances having been such that had the truck been equipped with proper lights, as required by law, and the driver had been traveling at such a rate of speed as the law requires under the circumstances to safeguard the rights of others, and he had been keeping a proper lookout ahead, he would have discovered the presence of plaintiff in time to avoid the accident, the failure in those respects constituted negligence.

[7] ID. — EVIDENCE — PRIMA FACIE CASE — REBUTTAL. — The evidence having shown that plaintiff was on a public highway, where he had a right to be, and was traveling in the same direction as defendants' truck, and that there was plenty of space on the highway for defendants' truck to have passed plaintiff without danger of collision, and there being no evidence showing that plaintiff varied his movements or suddenly crossed the path of the oncoming truck, these facts made out a prima facie case in favor of plaintiff and cast upon defendants the burden of showing that the driver of the truck was complying with the law and taking all precautions which the circumstances of the case required in order that his use of the highway might not be to the injury of anyone who was lawfully thereon.

[8] ID.—POSITION OF PLAINTIFF—RELATION TO ACCIDENT.—The mere fact that the accident would not have happened had plaintiff been somewhere else did not render his act of being where he was an act of negligence on his part, where plaintiff was in a position where he had a right to be and where he had a right to conclude that no one would do him injury.

(1) 28 Cyc., p. 34.   (2) 28 Cyc., p. 914.   (3) 28 Cyc., p. 914. (4) 28 Cyc., pp. 28, 29.   (5) 28 Cyc., p. 29.   (6) 28 Cyc., p. 37. (7) 28 Cyc., p. 47.   (8) 28 Cyc., p. 37.

APPEAL from a judgment of the Superior Court of Madera County. Stanley Murray, Judge. Reversed.

The facts are stated in the opinion of the court.

Fee & Ring and George W. Raburn for Appellant.

Joseph Barcroft and David P. Barcroft for Respondents.

PLUMMER, J.—Plaintiff instituted this action for the recovery of damages on account of personal injuries and loss of time suffered by reason of having been run into by an automobile driven by an employee of the defendants. The defendants had judgment and the plaintiff appeals.

It appears from the pleadings and transcript in this case that on or about 6:30 A. M. on the tenth day of January, 1922, while the plaintiff was walking along a certain street in the city of Madera known as Yosemite Avenue in the direction of Pine Street on the way to his employment, he was run into by an autotruck belonging to the defendants, then being driven by an employee named Adams; that this truck was traveling in the same direction with the plaintiff and ran into him from the rear; that no horn or bell was sounded to indicate the approach of the autotruck but that the truck was loaded with some eight or ten empty milk cans; that the morning was more or less foggy and consequently more or less dark; that the plaintiff was walking a little to the right of the center line of said street; that there was no sidewalk along either side of said street; but that on the left-hand side there was a footpath; on the right-hand side, a strip of grass some ten feet in width; that between the place where the plaintiff was walking and the left-hand side of the street there was a distance of some twenty-five or thirty feet of open and unobstructed way; that it further appears that the plaintiff was wearing an overcoat and had the collar turned up. The plaintiff was quite seriously injured, but the extent thereof is not found by the court. It also appears from the transcript that Adams, the employee of the defendants, who appears to have been out of the state at the time of the trial and whose testimony was not taken, did not see the plaintiff until he had run into him. This appears from the testimony of one of the defendants brought out by the examination of the defendants' counsel.

Upon this state of the facts the court made, among others, the following findings:

"4. That it is not true that plaintiff was not warned of the approach of said truck in any manner but it is true that said Adams did not prior to said collision sound horn or bell; but in this connection the court finds that said truck was filled with large empty milk cans and that the noise made by said truck and cans was audible to persons of ordinary hearing for a distance of several blocks, and plaintiff could easily have heard said truck had his hearing not been cut off and interfered with by his said overcoat which covered his ears.

"7. That upon the morning of said collision and at the time and place of the occurrence thereof there was a fog which rendered it impossible for a person in charge of a motor vehicle to see a great distance ahead; that there was a footpath paralleling the road at the time and place where said collision occurred for the use, convenience and safety of pedestrians; that on the other side of said road was an open space where a pedestrian might travel in safety, all of which facts were well known to plaintiff. The court finds that the plaintiff, had he exercised ordinary care and precaution, would have walked on said footpath on said morning, and the court further finds that in the exercise of reasonable care and precaution plaintiff would not have covered his ears with his overcoat in such fashion as to cut off, impair and interfere with his hearing."

Founded upon these findings, the court drew the following conclusion:

"1. That said defendants and neither of them, neither through themselves or through their agents, have not been guilty of any recklessness, carelessness or negligence in this cause, but plaintiff by reason of the facts found as aforesaid was reckless, careless and negligent, and the collision complained of in plaintiff's complaint was due to the recklessness, carelessness and negligence of said plaintiff, and not otherwise."

It will be observed that the court bases its decision upon this fact that the plaintiff was walking on the traveled portion of the highway instead of on the footpath paralleling the road; that in the exercise of ordinary care and precaution he would have walked on the footpath on said morning;

66 Cal. App.—22

and that the plaintiff should not have raised his coat collar so as to cover his ears and so interfere with his hearing. These facts seem to be based also upon the further facts that it was a foggy morning, which rendered it impossible for a person in charge of motor vehicles to see a great distance ahead.

The court also bases its conclusion in part upon the fact that the truck was loaded with empty milk cans which doubtless made considerable noise.

The court finds, however, that no horn was blown or signal given by the driver of the truck of his approach. [1] The mere fact that the truck was loaded with empty cans is not sufficient and was not sufficient to comply with the law in giving notice, as the Motor Vehicle Act read at the time of the injury complained of. Section 12 of the Motor Vehicle Act, approved May 10, 1915 (Stats. 1915, p. 405), which was in force on the tenth day of January, 1922, specified that: "Every motor vehicle shall be equipped with a bell, gong, horn, whistle, or other device in good working order, capable of emitting an abrupt sound adequate in quality and volume to give warning of the approach of such vehicle to pedestrians. . . . Every person operating a motor vehicle shall sound said bell, gong, horn, whistle or other device whenever necessary as a warning of danger, . . . " The fact, if it is a fact, that the car was equipped with lights or that the truck was loaded with milk cans is not sufficient to comply with the statutes, as appears from the case of *Woodhead* v. *Wilkinson,* 181 Cal. 599 [10 A. L. R. 291, 185 Pac. 851]. The court in that case said: "Admittedly, plaintiff saw the glare from his headlight and knew that a car was coming up from behind; therefore (so defendant argues), there was no use for an alarm and the laws of California do not require the sounding of a horn unless one means to pass another person or vehicle, and defendant, being about to stop, was not under the rule. The mere fact that plaintiff could see the glare of defendant's headlights was not enough. True, it apprised her of his approach, but not of the fact that *he was leaving the paved portion of the road* and running partly to the north thereof. She was justified in assuming (as she says she did) that he was following the usual custom of drivers. (*Lawyer* v. *Los Angeles Pac. Co.,* 161 Cal. 53 [118

Pac. 237].) He was under the necessity of sounding a warning 'whenever necessary.' (Stats. 1915, p. 405, sec. 12.) That the plaintiff had a right to be there cannot be denied. (*Raymond* v. *Hill*, 168 Cal. 473 [143 Pac. 743]), and defendant was not absolved from the duty of giving her fair warning of approach, if circumstances made such warning necessary, merely because she could see the glare of his headlights. He was under the rule of section 20 of the laws of 1915 then in effect, which declares that: 'The driver or operator of any vehicle in or upon any public highway shall drive or operate such vehicle in a careful manner with due regard for the safety and convenience of pedestrians.' " The holding of this case is not affected or modified by the case of *Zechiel* v. *Los Angeles Gas etc. Corp.*, 183 Cal. 777 [192 Pac. 720], in which the court used the following language: "If the movement and noise of the machine were sufficient to give the plaintiff notice of his danger, no obligation rested on the defendant to give further warning and his failure to do so was not actionable negligence. . . . " The facts of that case show its inapplicability here. There the injured person was coasting down a side street at right angles and was not visible to the defendant or rather to the driver of the truck belonging to the defendant as he started to back the truck. He was not approaching any individual from the rear, there was no one in front of him in the direction in which he was traveling or moving, and he was not charged with the duty resting upon the defendant under the provisions of section 12 of the act above quoted and which applied to automobiles at that time approaching anyone from the rear.

In drawing its conclusion the learned trial judge appears to have been of the opinion that it was negligence for the plaintiff to be walking upon the highway in question. There is no showing that it was a much-traveled street, the testimony of the plaintiff being all the testimony called to our attention on that subject, and that is to the effect that he had never seen an automobile on that street at that time of the day, and that he was accustomed daily to use that street in going to his place of employment.

So far as the state of California is concerned, the right of pedestrians or foot-passengers to use the streets has not been modified. **[2]** The rule in this state is clearly set forth

in 3 California Jurisprudence, page 870, section 100, as follows: "As to foot-passengers, the old common-law freedom of use of the king's highway has not been modified in California by statutory enactment, and it still remains the law that foot-passengers have the right to use and traverse the highway at all its points, being chargeable only for the exercise of a due amount of care, to be governed by the use of the highway actually made. . . . A pedestrian, struck and injured by an automobile while he is walking in the center of a street, is not negligent as a matter of law in merely being where he was instead of walking along the sidewalk." On page 884 of the same volume appears the following statement of the law: "A pedestrian is under no absolute legal obligation to look out for automobiles coming from behind, his duty, at most, being for the jury to determine. And so it has been held, where both pedestrians and vehicles were rightfully using the left-hand side of the highway . . . , the pedestrians, while keeping a reasonable outlook ahead, are under no legal obligation to look back to discover danger." [3] In other words, a pedestrian is not guilty of contributory negligence, as a matter of law, because of failure to look behind him and discover an approaching car which may heedlessly run him down. These statements of the law are abundantly supported by the citation of authorities given in the footnotes to the sections cited. See, also, *Raymond* v. *Hill*, 168 Cal. 473 [143 Pac. 743], where the same rules of law are set forth. In the opinion deciding that case the following argument is used which is applicable here: "Upon the part of the foot-passengers we have the unconsciousness of such approach, with absolute inability to inflict injury and a measurable inability to avoid the infliction of injury. While both parties are charged only with the exercise of the same degree of care, it is manifest that the amount of that care by law exacted of the driver of the motor vehicle is far greater than the amount exacted of the foot-passengers. Of the driver of a vehicle under such circumstances, the law in terms requires that he shall not only give reasonable warning of his approach, but 'use every reasonable precaution to insure safety.' . . . In the exercise of 'every reasonable precaution' which the law enjoins, it is well within the spirit of the law to say that the driver of an automobile approaching pedestrians, and par-

ticularly women, must have his car under such control as that it may be promptly stopped. The sounding of the horn and the noise occasioned by the muffler cut-out are each and both well enough in their way, but they do not embrace and conclude all of the duties of the driver of the automobile.''

In *Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358], the law in relation to the use of highways by pedestrians is stated as follows: ''The fact that a pedestrian who is injured by an automobile is walking on the left-hand side of the highway does not, of itself, constitute contributory negligence. A pedestrian has a right to use all parts of a road or street, being chargeable with the exercise of a reasonable degree of care to be determined under all the circumstances.'' [4] The rule of reasonable precaution which the law enjoins upon a driver of an automobile upon a public highway includes the necessity of making certain that foot-passengers are aware of the rearward approach of the vehicle; that the vehicle itself is at such a distance from the pedestrian as to avoid running over him in his sudden panic from surprise at knowledge of its unexpected approach, and, finally, that the vehicle is under such control as that it may be stopped promptly.

In the case of *Deputy* v. *Kimmell,* 73 W. Va. 595 [Ann. Cas. 1916E, 656, 51 L. R. A. (N. S.) 989, 80 S. E. 919], and elaborately annotated, we find the following statement of the law applicable herein: [5] ''A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury. Failure to anticipate omission of such care does not render him negligent. A pedestrian is not bound, as a matter of law, to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured, his own negligence will defeat recovery of damages sustained.''

[6] The plaintiff in this case was where he had a right to be. The testimony shows that there was plenty of room for the driver of the automobile truck to have passed him on the left-hand side. The time of day when the injury occurred was such that the law required the truck to be equipped with lights sufficient to enable the driver to perceive the person of others who might lawfully be using the

same highway. The statement of the driver shows that he did not see the plaintiff until he had run him down. Had the car been equipped with proper lights, had he been traveling at such a rate of speed as the law requires under the circumstances to safeguard the rights of others and had he been keeping a proper lookout ahead, as the law requires, he would have discovered the presence of the plaintiff. A failure in any of these respects constitutes negligence.

[7] The testimony in this case, as well as the findings of the court, show that the plaintiff, at the time of the injury complained of, was where he had a legal right to be; there is nothing in the testimony nor in the findings of the court which shows that the plaintiff varied his movements or suddenly crossed the path of the oncoming automobile; the plaintiff was traveling in the same direction as the automobile and was under no legal compulsion to he continually looking around to ascertain if anyone was about to run him down; the testimony shows and the finding of the court is that no warning signal was given by the driver of the approaching autotruck. The testimony also shows that there was plenty of space on the highway for the truck to have passed the plaintiff without danger of collision. These facts certainly make out a *prima facie* case and cast upon the defendants the burden of showing that the driver of the truck was complying with the law and taking all precautions which the circumstances of the case required in order that his use of the highway might not be to the injury of anyone who was lawfully thereon. The only showing made by the defendants was that the plaintiff was protecting himself from the cold at that early morning hour. Among other things, as we have said, the trial court found as follows: "The court finds that the plaintiff, had he exercised ordinary care and precaution, would have walked on said path on said morning. . . . " And the conclusion of law was drawn that he was negligent in so doing. [8] In support of this finding and conclusion, the respondents argue as follows: "Moreover his negligence did not end here, but in disregard of his own safety he was walking in the road although there was a well-defined footpath paralleling this road on one side and a clear space on the other side of the road, in either of which

places he might have pursued his course with safety.'' All of this is true. If the plaintiff had been somewhere else the truck belonging to the defendants would not have run him down, but that is very far from constituting negligence on the part of the plaintiff or excuse from liability on the part of the defendants. We do not very well see how negligence on the part of the plaintiff can be predicated upon a statement of facts or finding of facts which show that the plaintiff was in a position where he had a right to be and where he had a right to conclude that no one would do him injury simply because he might have been elsewhere and thus escape being run down by an automobile truck driven by one who admits that he did not see the plaintiff until the collision had occurred.

We think that the findings are not supported by the evidence and that the judgment is not supported by the findings. It is therefore ordered that the judgment of the trial court be and the same is hereby reversed.

Hart, J., and Finch, P. J., concurred.