[L. A. No. 10052. In Bank.—September 13, 1929.]

J. H. BURK et al., Respondents, v. EXTRAFINE BREAD BAKERY (a Corporation) et al., Appellants.

Joe Crider, Jr., Elber H. Tilson and Swing & Wilson for Appellants.

E. B. Drake for Respondents.

WASTE, C. J.—The plaintiffs, husband and wife, instituted this action to recover damages for severe personal injuries sustained by the wife, and for consequential damage to the husband, occasioned by the plaintiff wife being struck by a motor-truck owned by the defendant bakery and operated by its employee, the defendant Harry . B. Way. The case was tried by a jury, which rendered a verdict for the plaintiffs in the sum of $10,750. Judgment was entered in that amount, and the defendants have appealed, urging that the evidence establishes contributory negligence on the part of the injured wife, as a matter of law, and that the trial court erred in instructing the jury. Appellants argue that all of the credible evidence establishes that the wife was guilty of contributory negligence. The contention calls for but little consideration, for the evidence bearing on the actual happening of the accident is hopelessly conflicting, and presents a case for the consideration of the trial court and the jury, and not one for an appellate court. The testimony on the part of the plaintiffs abundantly supports the verdict of the jury;

the testimony on the part of the defendants would support a verdict in their favor. The accident happened on Holt Avenue, a highway leading from Pomona to Ontario, in the county of San Bernardino, between 4 and 5 o'clock on a foggy morning, July 3, 1926. It is the theory of the plaintiffs that while Mrs. Burk was walking along the left side of the avenue in an easterly direction, and distant two or three feet northerly from the paved portion of the highway, the defendants' motor-truck, also proceeding in an easterly direction, without any occasion therefor, left the concrete pavement, swerved to the left, also in a northerly direction, and, after striking Mrs. Burk, ran on for some distance until it came to an orchard bordering the highway, where it overturned. Mrs. Burk was severely injured on the left side of her head, body and limbs. The theory of the defendants is that plaintiffs had stopped their automobile on the south half of the paved portion of Holt Avenue, and were standing on the paved portion on the left, or northerly, side of the automobile; that defendants' truck, approaching from the west, to avoid running down the plaintiffs, turned to the left, whereupon Mrs. Burk ran suddenly out upon the north half of the pavement, and the driver, Way, swerved the motor-truck still farther to the left in a northerly direction to avoid striking her; that Mrs. Burk ran directly into the side of the motor-truck as it was being swerved to the left, and was knocked down by the collision; that had she remained standing beside the automobile on the south half of the pavement she would not have been struck.

The evidence on behalf of the plaintiffs placed Mrs. Burk, after being struck, as lying unconscious, on the northerly graveled portion of the highway, almost in the gutter alongside the orchard, and immediately behind the overturned truck. The evidence for the defendants is that, following the accident, she was lying in the center of the paved portion of the roadway. Both plaintiffs testified that their automobile had been in collision with an automobile driven by an unnamed party just prior to the injury to Mrs. Burk; that they had driven their automobile on to the right graveled side of the paved highway, had stopped, and had gone back to talk to the driver of the other machine, which was on the north side of the roadway and west

of Ramona Avenue; that Mrs. Burk was walking back from that place to their own automobile, but was traveling on the north side of the highway on the graveled portion, and a number of feet north of the paved portion. Mrs. Burk testified that after crossing Ramona Avenue she was suddenly aware of a light about her on the highway; that she looked behind her, saw the lights of an automobile, and in less than a second's time was run down by the truck approaching her from the rear. Mr. Burk testified that when he was standing by the automobile with which his own had been in collision, he saw the truck approaching from the west and some distance away. It was coming rapidly along the center of the paved portion of the highway; that, after crossing Ramona Avenue and before reaching the place where the automobile of the plaintiffs was standing, the truck turned to the left and north and off the paved portion of the roadway, striking Mrs. Burk. The defendant Way, driver of the truck, testified that the automobile of the plaintiffs was stopped on the southerly paved portion of the highway; that the plaintiffs were standing by it; that after crossing Ramona Avenue he saw the standing automobile, and gradually veered to the left to avoid striking the plaintiffs; that Mrs. Burk ran suddenly into the path of his truck, and was struck by the side of the machine as he swerved it still farther to the left to avoid hitting her. Aside from other contradictions in the testimony, the defendant Way was contradicted by plaintiff Mr. Burk and by a disinterested witness, Olsen, as to a conversation, immediately after the collision, in which Way stated that he did not see Mrs. Burk before she was struck.

The jury could take any view of the facts justified by the evidence, and on appeal, and with a record like the one now before us, we must assume that it adopted the theory of the plaintiffs, which finds support in the evidence, and which accords with the verdict. (*Simmons* v. *Pacific Elec. Ry. Co.*, 60 Cal. App. 140, 143 [212 Pac. 641].)

The appellants complain of certain instructions. The plaintiffs both testified that Mrs. Burk was walking in an easterly direction along the graveled portion of the roadway, and several feet off the paved portion. The truck

approached from the west, and behind the plaintiffs. If those were the facts, and, in order to arrive at the verdict, the jury must have accepted them as the established facts, Mrs. Burk was in a situation which justified the trial court in instructing the jury that Mrs. Burk, ''as a pedestrian was under no legal duty to keep a constant lookout back or constantly watch behind her to see whether she was in danger of being struck or run down by any vehicle approaching her from the rear; therefore she was not guilty of negligence or contributory negligence in not doing so, even should [the jury] find she did not.'' ██ By another instruction the jury was told that ''it is the settled law in this state that pedestrians, meaning persons walking upon the highway, have a right to travel anywhere upon the public highway, and it is, therefore, not negligence for them to do so.'' That is the law in this state. (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, 95 [41 A. L. R. 1027, 239 Pac. 709].) Therefore, a pedestrian is not guilty of contributory negligence, as a matter of law, because of a failure to look behind him and discover an approaching car which may heedlessly run him down. (*Devecchio* v. *Ricketts*, 66 Cal. App. 334 [226 Pac. 11].)

██ A person traveling on foot on a part of the road, and under circumstances where he may reasonably look for vehicles approaching him from in front, but may not contemplate that an automobile will come up behind him, is not under a legal obligation to look back to see whether he is in danger of being struck from behind (*Raymond* v. *Hill*, 168 Cal. 473, 482 [143 Pac. 743]; *Fahey* v. *Madden*, 58 Cal. App. 537, 539 [209 Pac. 41]), and the fact that one does not keep a constant watch behind for an approaching vehicle while walking near the paved portion of the highway, does not show a want of ordinary care on his part, nor constitute negligence *per se*. (*O'Connor* v. *United Railroads*, 168 Cal. 43, 49 [141 Pac. 809].)

██ At another point in the charge, the court told the jury that it was the duty of the driver of defendants' automobile to anticipate that he might meet persons at any point on the highway, and he must, in order to avoid a charge of negligence, ''keep a proper lookout for them, and keep his machine under such control as would enable

him to avoid a collision with another person using care and caution," and that a failure, if any, on his part to use that care was negligence. Objection is made by appellants to the use of the words "proper lookout," it being argued that their use permitted the jury to speculate upon what might or might not constitute a proper lookout, without regard to what an ordinarily prudent man would have done under the circumstances. This instruction was, no doubt, based upon the law as decided by this court in *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066]; and what was said in the case of *Ballos* v. *Natural*, 93 Cal. App. 601 [269 Pac. 972], concerning the use of the words "proper lookout" may well apply here. It was there held (269 Pac. 973) that the employment of the word "proper" to indicate the care required of a defendant means only the exercise of that degree of care which a prudent man should use under like circumstances, and which is the degree of care which the law imposes upon the other. In this, as in that case, the jury was fully and fairly instructed as to the degree of care required of both parties. Therefore, the instruction was not misleading, or unduly subject to speculation.

The court also instructed the jury that if, after taking into consideration all the facts and circumstances proved in the case, it should "find that the plaintiffs have established their case as charged in the complaint," it should find damages in favor of the plaintiffs and against the defendants. Appellants contend that this instruction omits entirely any requirement that the negligence alleged in the complaint should be the direct and proximate cause of the injuries complained of, and omits any condition that plaintiffs should have been free from contributory negligence. We do not regard this portion of the charge as such a formula instruction as to require all the elements of an instruction of that nature to be present. The court read to the jury the charge of negligence contained in the complaint, and told it "that if you find that the defendants were guilty of the negligence thus charged and that the same was the sole proximate cause of any injuries to the said Emma Burk, then you will find damages in favor of the plaintiffs. . . . " In other instructions the jury was correctly and fully informed on the law of proximate cause

and contributory negligence, and of the rights of persons using the highways, and as to the proper application of the law to the facts and circumstances of this case.

Lastly, it is contended that the court erred in instructing the jury respecting the damages to be allowed to the plaintiffs. The instruction to which this complaint is addressed is one relating only to the consequential damages to be allowed to the husband and coplaintiff of the injured woman. It is as follows: "If you should conclude that the plaintiffs, J. H. Burk and Emma Burk, should recover herein, and if you further find that Emma Burk before the accident in controversy was in charge of the household of, and performed the usual duties therein for her husband, J. H. Burk, and shall further believe that she has been unable since said accident, and will be unable in the future for any length of time, to perform the same services by reason of any injuries received in the accident in controversy here, then I instruct you that you may find for the plaintiff, J. H. Burk, such sum in damages as will reasonably and fairly compensate for such loss of services, and in addition thereto you will allow him such sum as the evidence shows he has necessarily and reasonably incurred or paid in employing physicians and surgeons to treat his said wife, together with any reasonable and necessary amount paid or incurred for hospital and ambulance bills, in all not exceeding the amount alleged therefor, to-wit, $10,198.00." Exception is taken to the use of the words "believe that she . . . will be unable," as contravening section 3283 of the Civil Code, which provides that damages may be awarded in a judicial proceeding for detriment resulting after the commencement of the action "or certain to result in the future." The complaint is that the jurors were not told that they could consider damages certain, or reasonably certain, to result in the future, but were left to speculate as to the result of the injuries, "or believe that she would be unable" to render the same services for her husband and family as before the accident. The instruction was loosely drawn, but, read in the light of all the instructions comprising the charge, the criticism becomes highly technical. In the first place, as noted, the instruction relates to the consequential damages resulting to the husband and coplaintiff of the injured wife through

loss of her services in the household and for the expenses incidental to her care and treatment. There was much testimony concerning the extent of the injury suffered by Mrs. Burk, and her physical condition before and after she was injured. That she was severely injured is not disputed. There was considerable evidence touching her inability to perform her household duties to the extent she did before she was hurt. Touching her personal injuries, the jury was properly instructed that it should consider their extent and nature and to what extent any of them were permanent in character, as well as the physical pain and mental anxiety which she "has suffered, or will certainly suffer in future because of her injuries." Objection to the use of the word "believe" is hypercritical. It was used in the same sense as the words "conclude" and "find" which preceded it. "To believe is to exercise belief in; to credit upon the authority or testimony of another; to be persuaded of the truth of . . . ; to regard, accept, or hold as true." (Webster's International Dictionary.) Language used by this court in *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113, 117 [91 Pac. 522], cited by appellants as sustaining their criticism, must be read in connection with the record in that case which we have had produced from our files. We find that the court was there considering instructions which told the jury that it might consider the pain and anxiety and the physical and mental suffering which the plaintiff there "may suffer in the future." The citation, *Pennsylvania Co.* v. *Files*, 65 Ohio St. 403 [62 N. E. 1047], in the Melone case was not properly explained, for all that the Ohio court said that was germane to the Melone case was: "The jury in assessing prospective damages should have been confined to such as were reasonably certain to follow from the injury complained of." In this case, if the jury "concluded" that the plaintiffs should recover, and "believed" that because of her injuries Mrs. Burk would be "unable in the future" to perform the same services that she had theretofore rendered in her household, all as instructed by the court, it must have been persuaded that the loss of her services was a detriment "certain to result in the future." However, we see no reason why experienced counsel will persist in asking trial courts to give inartificially drawn instructions, only

to be called upon to spend much of their own energy and our time in defending them.

■ An appeal does not lie from an order denying a motion for a new trial. The appeal in this case from such order is dismissed.

The judgment is affirmed.

Richards, J., Seawell, J., Shenk, J., Langdon, J., and Preston, J., concurred.