[Civ. No. 3926. Third Appellate District.—November 3, 1930.]

JOHN W. LINDNER, Respondent, v. JACK BARKLEY, Appellant.

Butler, Van Dyke, Desmond & Harris for Appellant.

Albert E. Sheets and J. Q. Brown for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an action for damages on account of injuries received by the plaintiff in a collision between his automobile and that of the defendant. The defendant expressly admitted negligence and the only question left for the jury to determine was the amount of damages to be awarded the plaintiff. The jury returned a verdict in favor of the plaintiff for $2,000 and the defendant has appealed.

The first point made by the appellant is that the verdict is so grossly excessive as to require this court to set it aside.

The plaintiff was rendered unconscious for a time from his injuries; he was fifty-six years old at the time; his attending physician testified that the plaintiff's physical condition before the accident was good; that in the accident he suffered a bruised condition of the nose and a tear in the skin thereof, although the bridge of the nose was not broken; that his upper lip was lacerated, requiring two stitches; that both eyes were blackened and swollen; that the conditions named lasted for 10 or 12 days; that plaintiff's ninth rib on the right side was broken; that "it takes a broken rib about eight weeks to get over the pain"; that the plaintiff still suffers some pain from the broken rib when he stoops over; that he suffered a small tear in the right index finger; a piece of the skin being "torn clear off"; that he had a sprained wrist; that his left shin bone was bruised, leaving a permanent thickness of the bone; that the impact on the shin "might have destroyed the sense of the skin nerves"; that the plaintiff was suffering from shock and injury to the nervous system; that "a nervous condition persists for a long time"; that the plaintiff still complains of being nervous; that nervousness would be a normal result from the shock.

The plaintiff testified that he has no feeling at the place of injury to his shin; that he could stick a pin in that place without feeling it, that the bone there is sore; that the broken rib is still painful in certain positions; that he feels pain and soreness in lifting; that the injury caused

him to be away from his business for two weeks and partially incapacitated him for four weeks additional. He further testified, "my nerves are all gone . . . every now and again. . . . I am just all to pieces. . . . I will go home lots of times at night and I am all just to pieces . . . it seems as if every nerve in the pit of my stomach is just going like that (indicating with hands) ; it just kind of tears me to pieces . . . and I have headaches". It appears that the plaintiff paid out $74 for medical services and other expenses due to the accident. He testified that his services were worth $300 a month.

In view of the wide discretion given a jury in cases such as this, especially in the amount to be awarded for pain and suffering, it cannot be said as a matter of law that the amount of the verdict is grossly excessive.

 Appellant contends that it was error to admit testimony as to the plaintiff's blood pressure, on the ground that his blood pressure was not relevant to any issue made by the pleadings. However, it was alleged in the complaint that the plaintiff suffered "severe shock to entire system". Medical experts testified that such a shock may cause high blood pressure. It appears, therefore, that appellant's objection to the testimony was properly overruled.

 It is urged that the court committed prejudicial error in instructing the jury that "solely for the purpose of determining the extent of plaintiff's injuries and damage . . . you may consider the speed of the two cars at the moment of impact, the weight and size of each, the position in which plaintiff was sitting, and in fact every relevant circumstance concerning the collision, for the purpose of showing the force with which and the manner in which *plaintiff was struck, and the injuries to plaintiff together with the shock to his physical and nervous system resulting therefrom*".

It is complained that the instruction assumes that the plaintiff suffered injuries and shock. Ordinarily, such an instruction should not be given where the facts are in dispute, but, in this case, the uncontradicted evidence shows that the plaintiff did suffer injuries and shock. It appears, therefore, that no prejudice was suffered by the giving of the instruction.

Another instruction of which appellant complains is as follows: "The defendant has admitted liability in this case, and you will, in assessing the damages of such plaintiff, if any you find, take into consideration his age and *condition of life*, the injuries sustained at the time, if any, *together with the injuries sustained, if any, which you may believe from the evidence will be sustained in the future as the direct effect of such injuries*, if any, together with all actual expenses to which plaintiff has been put and assess his damages at such sum as from the evidence you may deem proper, not exceeding in this case the sum of $5,333."

Appellant's first objection is to the statement in the instruction that the jury might take into consideration plaintiff's age and condition of life. Appellant contends that the term condition of life may have been understood by the jury to mean financial condition. From the connection in which the term is used, it reasonably appears that physical and not financial condition was meant, and the jury doubtless so understood it.

It is also contended that the instruction is erroneous as to the question of future injuries, it being the rule that damages for injuries to be sustained in the future must be such as are certain to result. It may be conceded that the instruction is not accurate in the respect last mentioned, section 3283 of the Civil Code limiting future damages to such as are reasonably "certain to result in the future". For reasons, however, similar to those stated in *Burk* v. *Extrafine Bread Bakery*, 208 Cal. 105, 112 [280 Pac. 522], it is highly improbable that the defendant suffered any prejudice from the error in the instruction.

The judgment is affirmed.