[Civ. No. 4403. Third Appellate District.—January 12, 1932.]

BURT ERICKSON, Respondent, v. H. H. GRADY, Appellant.

Irving D. Gibson and Gerald M. Desmond for Appellant.

Fred J. Harris and R. L. Shinn for Respondent.

PRESTON, P. J.—Action for damages for personal injuries alleged to have been sustained by plaintiff through the negligent operation of an automobile by defendant H. H. Grady.

The case was tried before a jury and resulted in a verdict and judgment in favor of the defendants. A motion for a new trial was made by plaintiff, based upon the following statutory grounds: "1. Insufficiency of the evidence to justify the verdict; 2. That said verdict is against law; 3. Errors in law occurring at the trial and excepted to by plaintiff."

The court granted the motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict. From this order, the defendant H. H. Grady alone prosecutes this appeal.

It is clear under all the decisions that the granting or refusing of a new trial, where the ground of the motion is insufficiency of the evidence to justify the verdict, rests very largely in the discretion of the trial court, and every presumption is indulged in support of the action of the court in passing upon the motion.

The court's discretion in granting a new trial upon the ground of the insufficiency of the evidence will not be deemed to have been abused, unless a decision in favor of the moving party would have no substantial legal support in the evidence. Therefore, these two questions are here presented: (1) Is there any substantial evidence in the record showing that defendant Grady was negligent? If this question be answered in the affirmative, then: (2) Was such negligence the approximate cause of plaintiff's injuries? We think both questions must be answered in the affirmative.

The accident, out of which this action arose, occurred in the city of Sacramento on February 13, 1930, about 9:30 P. M.

There is substantial evidence in the record to establish these facts: The defendant Grady was driving his automobile north on 6th Street. Upon reaching the intersection of 6th Street and J Street, he made a right turn easterly into J Street for the purpose of traveling east on J Street towards his home, and while making said turn, or just after

he made the turn into J Street, the right fender of his automobile struck and severely injured plaintiff, who, at the time, in company with a friend named Lee, was walking northerly across J Street on the east lane of the intersection of 6th and J Streets; or, in other words, Grady turned his automobile into the pedestrian lane on J Street from 6th Street to the rear of plaintiff, who was crossing J Street with his back to the automobile, and had reached a point near the south car track (which runs east and west on J Street, which would place him a little south of the center of J Street), when struck by the Grady machine. Grady gave no signal or warning of any kind or character of his intention to make the right turn into J Street. Neither plaintiff, nor his companion Lee, saw or heard the automobile before the accident.

We think these facts clearly show negligence on the part of defendant Grady in failing to give any audible warning of his intention to make a right-hand turn.

In the recent case of *Cleveland* v. *Petrusich*, 117 Cal. App. 71 [3 Pac. (2d) 384, 387], where the facts are very similar to those in the case at bar, we said:

"We think that the rule of reason requires that when a motorist, at 10 o'clock at night, changes the course of his automobile and attempts to pass over a cross-walk occupied by pedestrians, that the siren of the car should be sounded or some audible signal given of the fact that the course of travel is about to be changed. Section 95 of the California Vehicle Act (Stats. 1929, p. 531, sec. 37) requires all automobiles to be equipped with a siren capable of giving a signal that can be heard for a distance of at least two hundred feet. In this particular we think what this court said in the case of *Devecchio* v. *Ricketts*, 66 Cal. App. 334 [226 Pac. 11, 13], applicable: 'A person lawfully on a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and failure to anticipate omission of such care does not render him negligent, and a pedestrian is not bound as a matter of law to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured, his own negligence will defeat recovery of damages sustained.' And further, as said in that case: 'The rule of reasonable precaution

which the law enjoins upon a driver of an automobile upon a public highway includes the necessity of making certain that foot-passengers are aware of the rearward approach of the vehicle; that the vehicle itself is at such a distance from the pedestrian as to avoid running over him in his sudden panic from surprise at knowledge of its unexpected approach; and finally, that the vehicle is under such control as that it may be stopped promptly.' We think the same rule as to giving some audible notice by the sounding of the siren, applies here, just as the rule was stated by the Supreme Court, speaking through Mr. Justice Preston, in the case of *Berguin* v. *Pacific Elec. Ry. Co.,* 203 Cal. 116 [263 Pac. 220, 224], when dealing with the failure of a motorman to give audible warning of the approach of a street-car when following an automobile, to-wit: 'This being true, his testimony to look ahead and not behind would have demanded of the motorman the ringing of the bell, or the use of some other method of attracting attention of said plaintiff before coming into collision with him.' "

█ Appellant also contends that plaintiff was guilty of contributory negligence as a matter of law. We are unable to agree with this contention. A pedestrian is not guilty of contributory negligence, as a matter of law, because of a failure to look behind him and discover an approaching car which may heedlessly run him down. (*Devecchio* v. *Ricketts,* 66 Cal. App. 334 [226 Pac. 11]; *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743]; *Fahey* v. *Madden,* 58 Cal. 537 [209 Pac. 41]; *Strassburger* v. *Prescott,* 111 Cal. App. 104 [295 Pac. 357]; *Burk* v. *Extrafine Bread Bakery et al.,* 208 Cal. 105 [280 Pac. 522].)

Assuming that plaintiff had looked back, and that he had seen the automobile coming from his rear along 6th Street, he could not have determined whether the driver intended to continue across the intersection or turn to the right or the left.

Defendant Grady had no right to assume that pedestrians lawfully in the intersection would or should stop to learn what he intended to do. The law demanded of him, under such circumstances, to give some audible warning signal showing what he intended to do. This he did not do. The law also demanded of him that he have his

machine under control so as to avoid injuring pedestrians lawfully using the street.

The evidence as to the speed of the Grady car is conflicting.

It is not contended that there is no evidence in the record to support a verdict against American Investment Company. We have no authority to consider this question, because the American Investment Company, a corporation, has not appealed from the order granting a new trial, and as to it the order has long since become final.

The only notice of appeal appearing in the transcript reads as follows:

(Title of Court)

"No. 44640                                        Dept. 3

"Burt Erickson,

Plaintiff,

vs.

H. H. Grady, Bank of America
   of California et al.,

.        Defendants.

"Notice of appeal from order granting new trial.

"Notice is hereby given that defendants H. H. Grady and Bank of America of California in the above-entitled action hereby appeal to the District Court of Appeal of the state of California in and for the Third Appellate District, from that certain order granting a new trial of the above-entitled action to plaintiff therein, made, rendered and entered in said action by the above-entitled superior court on the 21st day of January, 1931, and from the whole of said order.

"Dated: This 14th day of March, 1931.

"IRVING D. GIBSON
"GERALD M. DESMOND

"Attorneys for defendants H. H. Grady and Bank of America of California."

A motion for a nonsuit was made by defendants as to Bank of America and the same was granted by the court, and plaintiff never appealed from that order, so as to it, the order granting a nonsuit is final.

We are not to be understood as holding that upon a new trial of this case, the plaintiff should or should not prevail;

that is a matter entirely within the province of the trial court, but we are fully satisfied, after a careful examination of the entire record, and do hold, that there is sufficient evidence in the record to show that Grady was negligent and that such negligence was the proximate cause of the injury complained of, and that plaintiff was not guilty of contributory negligence, and, therefore, the learned trial court did not abuse its discretion in granting plaintiff a new trial upon the question of the insufficiency of the evidence to support the verdict.

Appellant's motion for a diminution of record is denied for the reason that the record sought to be corrected is wholly immaterial under our view of the case.

The order granting a new trial is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.