[Civ. No. 2956.   Fourth Dist.   Sept. 23, 1942.]

HARRY E. POLLARD, Respondent, v. A. L. FOSTER et al., Appellants.

Tripp, Penny & Callaway, Hulen C. Callaway and S. B. Kaufman for Appellants.

Forgy, Reinhaus & Forgy, Fred Forgy and Robert E. Ford for Respondent.

MARKS, J.—This is an appeal from a judgment for personal injuries suffered by plaintiff when a truck crane was backed into him.

The accident occurred on September 11, 1940, when the parties were working on the Fullerton Dam, which was being constructed near the city of Fullerton in Orange County. The truck crane belonged to A. L. Foster, doing business under the name of Foster Sand and Gravel Company, and the crane was being operated by Hollis Brother McPherson, Foster's employee.

Plaintiff and his partner had the subcontract of placing quarried rock in the outlet structure of the dam to prevent its banks from scouring. The various rocks weighed between five hundred and three thousand pounds. They were lowered into a trench at the foot of a concrete wall by means of the crane.

The truck was twenty-two feet long, and the crane, with its operating machinery, occupied the body of the truck. The crane had a twenty-five-foot boom.

The rocks to be lowered into the trench at the bottom of the cement wall were piled about fifteen feet northerly from the wall. The crane truck was backed into position alongside this rock pile with its rear north of the concrete wall. The rocks had to be carefully selected and each lowered into

a position so that all pieces fitted closely in order to conform to the specifications prepared by engineers supervising the job. Plaintiff selected each rock to be taken from the pile. He then returned to a position south of the crane truck and sat on the wall with his feet hanging on the north side. From this position he directed Foster's employee just where to lower each rock into position. He did this by hand signals visible to the crane operator. During the operation plaintiff watched each rock being lowered into place directly below him. When one rock had been placed in position he would designate the next to be lifted from the pile and lowered into place. The accident happened after sixty-two rocks had been lowered into position and while the last was being placed.

The crane truck had two of Foster's employees on it. Besides the crane operator there was a driver who sat in the cab. This driver was facing north during the operations. The movements of the truck by the driver were controlled by the crane operator signalling him.

The lowering of each rock into proper position could be controlled by movement of the crane and also by movement of the truck, forward and backward and sideways. During the operations the truck had made all four movements, though it had not approached closer than seven feet to the wall on which plaintiff was sitting. The crane operator knew of plaintiff's position on the wall and could see plaintiff's hand giving the signals. This witness testified that he could not see plaintiff, other than his hand, without "inconveniencing" himself.

During the operation of lowering the last rock into place the crane truck was backed against the concrete wall on which plaintiff was sitting and one of his legs was badly crushed.

Defendants do not argue that evidence of their negligence is insufficient to support the judgment. They strenuously urge that plaintiff was guilty of contributory negligence as a matter of law in sitting on the wall with his legs hanging down on the side towards the moving truck and in not watching the movements of the truck. They maintain that plaintiff voluntarily assumed a position of danger when there were several other safe positions he could have chosen in which he would have been safe from injury.

Of course the law is well settled that a person cannot place himself in a position of danger and then recover damages resulting from injuries received when in that position. However, we do not believe the facts of this case bring it within

that rule. During sixty-two separate operations the crane truck had not approached closer than seven feet to the wall. During those operations plaintiff's position was not one of danger. During the last operation his position became one of danger solely because defendants negligently drove the crane truck against him.

As said in *Moreno* v. *Los Angeles Transfer Co.,* 44 Cal. App. 551 [186 Pac. 800]: "The plaintiff . . . was not required, either under the common law or any statutory enactment of this state, to refrain from occupying a position that could only become a place of danger by reason of the negligence of another." (See, also, *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 Pac. 396]; *Devecchio* v. *Ricketts,* 66 Cal. App. 334 [226 Pac. 11]; *Scott* v. *Sheedy,* 39 Cal. App. (2d) 96 [102 P. (2d) 575]; *Albania* v. *Kovacevich,* 44 Cal. App. (2d) 925 [113 P. (2d) 251].)

Defendants requested an instruction on assumption of risk which the trial court refused to give. This is now urged as reversible error. We cannot regard this ruling as error. Plaintiff would not have been in a dangerous position and therefore there would have been no dangerous risk for him to have assumed had it not been for the negligence of defendants, of which plaintiff had no previous warning.

Plaintiff proposed and the trial court gave an instruction setting forth in general terms the doctrine of res ipsa loquitur. We do not believe that doctrine applicable to the facts of this case because the cause of the accident is clear to anyone reading the record. It was caused by defendants negligently driving the truck into the wall and crushing plaintiff's leg.

The instruction informed the jury that the doctrine could only be applied if "the fact that the circumstances surrounding the causing of the accident were such that the plaintiff is not in a position to know what specific conduct was the cause, whereas the one in charge of the instrumentality may reasonably be expected to know, and be able to explain, the precise cause of the accident."

We must presume that the jury followed the instructions given. As the cause of the accident was clearly established in the evidence we must assume that the jury followed the quoted part of the instruction and did not apply the doctrine of res ipsa loquitur here. The giving of the instruction, while erroneous, constituted harmless error.

Plaintiff was asked by his counsel why he placed himself behind the truck and in front of the crane. Over defendants' objection he was permitted to give the following answer: "I placed myself approximately directly behind the truck and in front of the crane and operator because that is the only position in a vehicle or a piece of equipment of this kind in which the operator has a full and unobstructed view." This ruling is now urged as error.

The same subject had been covered in different forms without objection in both direct and cross-examinations, although the witness then gave different reasons for his position. There was no motion made to strike the answer.

If we should assume, without holding, error in this regard, we cannot believe the answer had any bearing on the final result in view of the clear evidence of the negligence of defendants being the sole and proximate cause of the accident. Such an error, if any, cannot furnish a ground for reversal of the judgment. (§ 4½, art. VI, Const.)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 12, 1942.