## GEORGE E. MERRILL v. A. L. CHAPMAN.

FINDINGS IN EJECTMENT.—If, in ejectment, both parties claim title derived from the common source, through different chains, and the cause is tried by the Court, which finds the facts upon which plaintiff claims title, and that title is in plaintiff, but does not find any of the facts respecting defendant's claim of title, the presumption from the findings is, that the defendant had no title.

EXCEPTION TO FINDINGS OF FACT.—If the Court, in its findings of fact, fails to find on an issue made in the pleadings, this defect cannot be taken advantage of on appeal, except the findings in the Court below are excepted to as defective.

FINDINGS OF FACT IN EJECTMENT.—In ejectment, when title is found in one party, the Court is not *required* to find the facts constituting the other parties' *claim* of title, but if counsel request it the better practice would be to make such finding.

WHEN TITLE BY MEXICAN GRANT TAKES EFFECT.—A title depending upon the confirmation and survey of a Mexican grant, takes effect by relation at the date of filing the petition, and will prevail over a subsequent patent issued upon a purchase from the United States.

FACTS IN ISSUE NOT FOUND.—If the Court does not find upon a fact in issue, and the evidence is not set out in the transcript, the appellate Court will not undertake to say that it was proven. Evidence tending to prove a fact does not necessarily amount to proof of the fact.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellant.

*E. W. McKinstrey*, for Respondent.

By the Court, RHODES, J.:

A brief statement of the facts and some of the proceedings in the cause will materially aid in disposing of this appeal. The plaintiff claimed under a patent, issued in 1861 by the United States, under the public land system. The defendant, through his lessor, claims title under a Mexican grant and the proceedings in the national tribunals for its confirmation, the last step in which was the confirmation of the

survey by the District Court. The Court below found that the defendant was in possession, claiming under his lessor, and found the value of one third of the rents and profits of the premises. The only fact settled in respect to the title is: " That plaintiff deraigns title under a patent from the United States Government issued to Nathan W. Richardson, and holds as tenant in common with two of the members of the firm of De Witt, Kittle & Co."

No fact was stated in the finding respecting the defendant's claim of title. Under the rule so frequently announced by this Court in construing the statute of 1861, (Stats. 1861, p. 589,) and section one hundred and eighty of the Practice Act, as amended in 1866, it will be presumed that the Court found the title to the premises in the plaintiff, and that he was entitled to the possession. (See *Henry* v. *Everts*, 30 Cal. 426; *Sears* v. *Dixon*, 33 Cal. 326.) As the facts recited in the written findings are, undoubtedly, sustained by the evidence, it would be useless for the defendant, in his motion for a new trial, to state as the grounds of his motion that such findings were contrary to the evidence, and, under the operation of section one hundred and eighty of the Practice Act, he is driven to the necessity of attacking the implied findings. This, we must hold, was done in this case, for several of the specifications under the general grounds " that the evidence is insufficient to justify the findings and decision," point to findings that were not expressed.

The defendant, as is suggested by the plaintiff's counsel, might have excepted to the findings as defective, but he was not compelled to that course.

Had the request been made for findings in respect to the facts, upon which the defendant relies for title, doubtless the Court would have complied. That, most certainly, is the better practice in actions of ejectment, where the parties claim through different chains of title. When title is found in one party, the Court is not required to find the facts constituting the title of the opposite party, for both cannot hold the same title; but, as such a finding would greatly facilitate

the decision of the cause on appeal, it is not presumed that the Court would refuse, when requested.

This case affords an illustration of the convenience of the practice we have indicated, as will appear in the discussion of the only remaining point we shall notice. In the statements it is recited that the defendant "offered and gave evidence, tending to establish that the land in this suit was included in the exterior boundaries of said Rancho Tolenas; and also within the boundaries of the survey of the same, as confirmed by the District Court for the Northern District of California." The position of the defendant, and to which his argument is mainly devoted, that a title, depending upon the confirmation and survey of a Mexican grant, and a patent issued in pursuance thereof—the confirmed survey, now, being equivalent to a patent—takes effect by relation, at the date of the filing of the petition, and will prevail over a subsequent patent, issued upon a purchase from the United States, is established by a long and unbroken series of decisions in this Court. (*Waterman* v. *Smith,* 13 Cal. 373; *Moore* v. *Wilkinson,* 13 Cal. 478; *Teschemaker* v. *Thompson,* 18 Cal. 11; *Leese* v. *Clark,* 18 Cal. 535; *Leese* v. *Clark,* 20 Cal. 387; *Seale* v. *Ford,* 29 Cal. 104.) The survey, of course, must include the land in dispute. That was a fact in issue in this cause, though it was not expressly found either way. The plaintiff insists that the fact was not proven. The evidence is not set out in the transcript, and, as the fact was not found, we cannot undertake to say that it was proven. Evidence tending to prove the matter in issue would undoubtedly be competent evidence, but it would not necessarily be satisfactory evidence. If not satisfactory evidence, it did not amount to proof of the fact. The presumption is that the evidence was not satisfactory, for, had it been, the Court would have found the fact, or have found generally for the defendant, there not appearing to be any controversy about the sufficiency of the evidence to establish the facts upon which the defendant relies for title to the land included in the survey. Had the Court been requested to find as to this

fact, the defendant, doubtless, would have brought up the evidence had the finding been adverse to him, or had the Court refused to find the fact either for or against him.

As the record now stands we cannot say that the Court erred in not finding that the survey included the lands in controversy.

Judgment affirmed.

Neither Mr. Justice SHAFTER nor Mr. Justice SANDERSON expressed an opinion.