[Civ. No. 5815. Second Appellate District, Division One.—April 21, 1928.]

MARY DAVIS, Respondent, v. GEORGE H. SCHNEIDER et al., Appellants.

Kennicott & Williams for Appellants.

McDonald & Thompson and Kimball Fletcher for Respondent.

WOOD (W. J.), J., *pro tem.*—Defendants appeal from an order of the superior court permitting the filing of a copy of plaintiff's notice of appeal to be used in lieu of the original. Notice of the entry of judgment in favor of defendants was served on April 26, 1924. Stipulations were filed whereby plaintiff was given to July 2, 1924, in which to prepare, serve, and file her bill of exceptions. A proposed bill of exceptions was served on July 2, 1924, and amendments thereto were proposed on July 10, 1924, most of which were accepted, leaving certain matters for settlement by the court. These matters appear from the record without recourse to the affidavit of Kimball Fletcher, one of plain-

tiff's attorneys. In this affidavit it is set forth that the affiant in November, 1924, telephoned to Mr. Williams, one of the attorneys for the defendants, and asked Mr. Williams if he was ready to propose his amendments, to which Mr. Williams replied that he had lately inspected the files and not finding any record of a notice of appeal concluded that the appeal had been abandoned. Thereupon Mr. Fletcher, according to the affidavit, caused a search to be made in the office of the county clerk, but could find no notice of appeal or record of its filing in the register of actions. Affiant states positively that he had in fact filed the notice of appeal on June 24, 1924, and details the circumstances surrounding the filing. In explanation of his delay in presenting a motion for a substitution of a copy in lieu of the original notice of appeal, affiant mentions certain work in which he was engrossed, including that of chairman of the committee of the Los Angeles Bar Association on the subject of bills to create the municipal court. Mr. Williams did not file an affidavit denying Mr. Fletcher's statement concerning the conversation by telephone in November.

 The trial court was justified in making its minute order of April 7, 1925, permitting a substitution of a copy of the notice of appeal. Section 1045 of the Code of Civil Procedure provides: "If an original pleading or paper be lost, the court may authorize a copy thereof to be filed and used instead of the original." In *Knowlton* v. *MacKenzie*, 110 Cal. 183 [42 Pac. 580], a motion was made in the supreme court to dismiss the appeal upon the ground that the transcript failed to show that the notice of appeal had been served on the respondent. In reply to the motion the appellant caused to be filed a certified copy of certain proceedings in the superior court, from which, quoting from the opinion, "it appears that the original notice of appeal has been lost . . . and that the said notice of appeal was on the same day filed in the office of the clerk of the court; and that the court thereupon made an order directing that a copy of said notice of appeal, together with the affidavit showing its original filing and service, be filed *nunc pro tunc* and that the same has been so filed." In denying the motion to dismiss, the supreme court used this language: "Upon the order of the court made in the present case, the

substituted papers are entitled to the same weight as would be the originals."

The order is affirmed.

Houser, Acting P. J., and York, J., concurred.