[Civ. No. 6303. First Appellate District, Division Two.—November 15, 1928.]

SAMUEL KLETZ, Respondent, v. M. V. B. MacADAM, Appellant.

Cooley & Gallagher for Appellant.

Goldman, Nye & Spicer and George K. Ford for Respondent.

STURTEVANT, J.—Plaintiff commenced an action to recover damages for injuries sustained from being hit by an automobile driven by the defendant. The defendant interposed an answer denying many allegations contained in the complaint and affirmatively pleaded the contributory negligence of the plaintiff. A trial was had before the court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from a judgment entered thereon the defendant has appealed under section 953a of the Code of Civil Procedure.

The first point presented by the defendant is the contention that the plaintiff was guilty of contributory negligence as a matter of law. The accident occurred October 4, 1924, at about half past 4 P. M. in Hyde Street, immediately north of the north line of Fulton Street, in San Francisco. Hyde Street is 46 feet wide and Fulton Street is 100 feet wide from curb to curb. The plaintiff was in the act of crossing from the east side of Hyde Street to the west side, traversing that portion of the street which pedestrians ordinarily traverse in going up the north side of Fulton Street. Before entering the street and before he left the sidewalk the plaintiff testified that he looked to the north and to the south, but that he did not see the machine driven by the defendant; that immediately after looking to the south he stepped into the street; that as he was in the act of stepping from the curb into the street he looked to the south and into the area embraced by the four corners of

the intersection and that he did not see defendant's automobile; that he took but two or three steps from the curb when he was struck by the automobile approaching him on his left side. The defendant argues that when to look is to see then it is not sufficient that a party testifies that he did not see an automobile which was within the territory which the witness testifies he looked into. The vice in this argument is the assumption that the automobile was in the territory in question. That was a disputed fact in the case. If at the time he looked the defendant's car was on the driver's left-hand side of the median line of Fulton Street and had not entered the intersection of Hyde and Fulton, and if the plaintiff had seen the car in that position, he was entitled to assume that the defendant would not unlawfully proceed down that side of Fulton Street and unlawfully run into him; and he was not bound to make a mental note thereof and remain standing until he could ascertain what movements the defendant was about to execute. True it is that the defendant offered testimony to the effect that her car was within the intersection. However, the record before us does not disclose that the automobile necessarily was in the zone concerning which the plaintiff addressed his testimony. On the other hand, there is evidence in the record produced by the plaintiff to the effect that the automobile was on the driver's left-hand side of the median line of Fulton Street where that line crosses the median line of Hyde Street, that it was proceeding at a speed of 20 to 25 miles an hour until it turned north into Hyde Street on the easterly side. Just how far the defendant's car was from the median line of Fulton Street when it turned into Hyde Street does not appear in the printed record. However, the record shows that the witnesses were examined and cross-examined thereon and illustrated their testimony by marking diagrams which are not before us. The plaintiff illustrated how he moved at the time immediately preceding the accident. Counsel held a timepiece. The illustration took four seconds. At 20 to 25 miles per hour the defendant's car would travel, in that period, approximately 140 feet. It is clear there was a wide field for the jury to exercise its discretion in determining where the car was when plaintiff looked

before he left the curb. The testimony is without conflict that the defendant drove west on Fulton Street and turned into Hyde Street. When the plaintiff looked north and looked south on Hyde Street it is altogether possible that the defendant's car as yet had not entered Hyde Street. The duty did not rest on the plaintiff to look up and down Fulton Street and decide what the vehicles in that street were doing or about to do. (*Courvoisier* v. *Burger*, 61 Cal. App. 470, 476 [215 Pac. 93].)

The defendant asserts that the plaintiff had not pleaded general negligence but had merely pleaded that the defendant "without the sounding of any warning by horn, bell, whistle or other means, of the approach of said automobile, and that the said automobile, by reason of the said negligent and careless operation and propelling thereof in the manner described as aforesaid was caused to" collide with the plaintiff. This statement of the issue is hardly complete. There was an amendment and supplement to the complaint. That amendment pleaded general negligence. On the trial there was evidence introduced that the defendant entered the intersection of the two streets driving at 20 or 25 miles an hour; that before turning into Hyde she did not pass to the right of the center of the intersection, but passed several feet to the left of that center; that she proceeded north, traveling 15 to 20 miles an hour and without sounding her horn or giving any other signal of approach before striking the plaintiff. There was an abundance of evidence which, if the jury believed it, would justify the jury in finding that the defendant was negligent.

■ Of its own motion the trial court instructed the jury as follows: "You are the exclusive judges of the weight and sufficiency of the evidence. You are not bound to decide in accordance with the testimony of any number of witnesses which does not produce conviction in your minds, against a less number. The direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact in a civil case." The defendant argues that it was not required to produce *conviction* in the minds of the jurors upon the proposition that the plaintiff was guilty of contributory negligence. This argument is to borrow trouble. The instruction was not reasonably susceptible of the meaning

placed on it by the defendant. All of the instructions were to be read together. The trial court correctly instructed upon the matters of burden of proof, preponderance of evidence, and on the subject of contributory negligence.

Acting upon the request of the plaintiff, the trial court read to the jury passages from the Motor Vehicle Act. (Stats. 1923, p. 517, as amended.) Still claiming that the plaintiff had pleaded special negligence and not general negligence, the defendant asserts that the giving of instructions regarding these passages in the Motor Vehicle Act was erroneous. We think the contention is without merit. The pleadings were broad enough to authorize the proof. Evidence on these matters was introduced without objection. It is too late at this time to claim that either the evidence or the instructions covered subjects not within the issue.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Buck, P. J., *pro tem.*, concurred.