[Civ. No. 6203.   Second Appellate District, Division One.—March 7, 1929.]

GEORGE A. MacDIARMID, Trustee in Bankruptcy, etc., Appellant, v. T. W. McDEVITT et al., Respondents.

Kiggens & Hoffman and Moote & Patterson for Appellant.

Chapman & Chapman and Ward Chapman for Respondents.

CRAIL, J., *pro tem.*—This is an action brought by plaintiff and appellant, as sole surviving trustee of the bankrupt copartnership of Shepard & Gluck, against the defendants, upon their liability as stockholders of the now defunct California Cotton & Factorage Company, a corporation.

This cause was, for the purposes of trial, consolidated and tried with an action originally brought by Shepard & Gluck themselves directly against said corporation. Thereafter, the three trustees in bankruptcy were substituted as parties plaintiff, and still later, George A. MacDiarmid, appellant here, was substituted as sole plaintiff, as in the instant case.

The amended complaint alleges that in the year 1919 the firm of Shepard & Gluck entered into an arrangement with the California Company, whereby the California Company might from time to time ship its cotton to the city of New Orleans to be there handled by Shepard & Gluck as brokers, upon certain terms then agreed upon; that from the month of November, 1919, to the month of June, 1921, the California Company did ship cotton, which was handled by the said Shepard & Gluck, as brokers; that by reason of the said transaction, the California Company became indebted to Shepard & Gluck, upon an open book account, in the sum of $159,222.05; that the defendants are stockholders in the California Company owning designated numbers of shares.

The answers of the several defendants deny any indebtedness, and allege other defenses not necessary to mention.

To succeed in the trial court it was necessary for plaintiff to establish said indebtedness by a preponderance of the evidence. But the trial court found against the plaintiff on this as well as other issues.

Appellant presents for our consideration on appeal nine assignments of error, in six of which he claims an insufficiency of evidence to sustain the findings, and in three

of which he claims the conclusions of law are not sustained by the findings; but he presents them all under the one heading, which appears in his brief as a bold-faced caption, "The Debt of the California Company Was Proved by Legally Sufficient Evidence," and adds: "Under this heading appellant's right to complain has been preserved by the assignments of error, numbered I to IX, inclusive."

Plaintiff attempted at the trial to prove an open book account balance against the California Company. In view of the fact that practically all the books of account were destroyed prior to the cause being heard, plaintiff was compelled to prove the debt by secondary evidence. Plaintiff's contention, set forth in his own language, is as follows: "The trial court obviously deemed the proofs of debt submitted not legally sufficient. We contend, on the other hand, that the debt was established by three distinct sorts of secondary evidence; first, by oral testimony as to the *balance;* second, by an original page of the ledger account between the parties, showing the debit balance; and lastly, by a copy of the ledger and of the account sales book showing the account between the parties. . . . It will be contended that each of these three forms of secondary evidence established the balance or debt sued upon, inasmuch as they proved the contents of the destroyed books of account." Finally, he contends that the lowest measure of relief to which he was entitled "is a judgment against the various stockholders for their proportionate share of $110,565.97."

It is unnecessary to review in this opinion the argument of appellant's counsel, 174 pages in length, so diligently presented, on the various questions of the admissibility of books of accounts, or copies of accounts and summaries of accounts in lieu thereof, when a proper foundation has been laid. For no question of admissibility is involved. The trial court admitted all of the accounts or copies of accounts which plaintiff offered in evidence. The trouble seems to be that appellant fails to keep in mind the distinction between "legally sufficient evidence," so called by him, and conclusive evidence or even satisfactory evidence. He seems to believe that in order to succeed on this appeal it is only necessary to produce such evidence as would get him by a motion for a nonsuit. Even in the trial court it was necessary for him to go one step farther than this and produce

a preponderance of the evidence establishing the debt. In this court it is necessary to go still farther and convince the court that there is no substantial evidence to sustain the findings of the trial court.

■ Prima facie evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence. (Code Civ. Proc., sec. 1833.) It may be controverted by other evidence, direct or indirect. (*Moore* v. *Hopkins*, 83 Cal. 270 [17 Am. St. Rep. 248, 23 Pac. 318].) ■ Evidence need not be satisfactory in order to be *prima facie* or *legally* sufficient. And when a fact contended for is not found, the presumption is that the evidence was not satisfactory, for, had it been, the court would have found the fact. (*Merrill* v. *Chapman*, 34 Cal. 251.) ''Conclusive or unanswerable evidence is that which the law. does not permit to be contradicted.'' (Code Civ. Proc., sec. 1837.)

■ The trial court determines whether or not plaintiff's evidence is legally sufficient, usually on a motion of defendant for a nonsuit. But the trial court cannot ordinarily determine whether plaintiff's evidence is satisfactory until both sides have rested and the evidence is closed.

■ A book of accounts, when admissible, is *prima facie*, but not conclusive, evidence of transactions properly recorded therein. ■ The degree of credit to be given to books of account as evidence is ordinarily a question for the jury and is to be determined by the general appearance and condition of the books, the manner in which they were kept, the circumstances under which the entries were made, and any other fact or circumstance in evidence bearing upon the question. (See 22 C. J. 971.)

■ Uncontradicted evidence is not necessarily binding on the court or a jury, but may be disbelieved where it is inherently improbable, or inconsistent with the facts and circumstances in evidence. (*Roberts* v. *Roberts*, 168 Cal. 307 [Ann. Cas. 1916A, 886, 142 Pac. 1080]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].)

■ In this case we have before us a long transcript on appeal, two volumes in printed form. It is full of evidence and circumstances which the trial court was bound to consider in determining the weight to be given to the account-books or the secondary evidence thereof upon which the

plaintiff relied, and also in determining the debt, if any, which was due from the defendants to the plaintiff. Among other there is evidence which tends to prove that the entries in the so-called spot ledger under date of May 31, 1921, were deliberately falsified; that a great part of the cotton accounted for in the account sales was not the cotton shipped Shepard & Gluck by the California Company; that the entries upon the only sheet of alleged permanent entry which was produced were made more than four months after the transactions occurred; that certain entries in the so-called copy of the ledger account were lump entries; that entries in the ledger of thousands of dollars representing so-called allowances were unsupported by any competent evidence and in any event could not form the subject of a mere book charge; that fictitious accounts appeared on the books of Shepard & Gluck; all of these and other circumstances tended to discredit the entire alleged account and might have justified the court in attaching no weight to any part of it. On the other hand, there was evidence tending to prove that the California Company's books showed Shepard & Gluck indebted to it at the close of all business in a sum in excess of $13,000. The degree of credit to be given these books was also a question for the trial court.

The plaintiff in his reply brief, by a reasoning which is too intricate to be convincing and too elaborate for insertion here, contends that the trial court must have determined that the plaintiff's evidence was not legally sufficient. A complete answer to the contention is that the court denied the defendants' motion for a nonsuit, heard the evidence of the defendants, heard plaintiff's evidence in rebuttal, and then decided the issues on the merits. Plaintiff does not call our attention to any place in the record where the trial court ruled that his evidence was legally insufficient. As we have said, he merely reasons his way to this conclusion. But on appeal it is the duty of this court to resolve all intendments in favor of the judgment. We will not set aside the judgment of the trial court on the inference that it so ruled. The presumption is that it did not so rule, even if the record failed to show the ruling on the motion for a nonsuit; but it shows such ruling.

Appellant presents other questions; but as it is necessary for him to succeed on the above contention in order to suc-

ceed at all on the appeal, we deem it unnecessary to review them.

Judgment affirmed.

York, J., concurred, and Houser, Acting P. J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 22, 1929.