[Civ. No. 5087. Third Appellate District.—March 30, 1934.]

T. A. SCHOMER, Respondent, v. R. L. CRAIG COMPANY (a Corporation) et al., Appellants.

Arthur W. Kennedy and Martin Forrest for Appellants.

John L. Bland and Clark D. Dilley, Jr., for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment of $2,400 which was rendered against them for personal injuries sustained by the plaintiff in an automobile casualty which occurred at the intersection of streets in Los Angeles, in which the plaintiff while crossing the street on foot was struck by the defendants' automobile and knocked down. The defendants have also appealed from an order of court made pursuant to section 1045 of the Code of Civil Procedure, subsequent to the rendering of judgment, authorizing the filing of a copy of the findings of court as a substitute for the original findings which were held by the court to have been lost.

Mateo and East Seventh Streets in the city of Los Angeles intersect at right angles. Mateo Street extends north and south. Double street-car tracks were maintained on both of these streets. The streets are supplied with automatic electric signals to regulate the traffic. At 7:30 o'clock on the morning of November 25, 1929, the plaintiff, carrying a grip containing seven dozen eggs, was en route to his place of business. He waited at the southeast corner of these streets for a favorable signal to cross East Seventh Street in a northerly direction. Diagonally across the street two automobiles were also waiting on Mateo Street for the same signal to cross East Seventh Street in a southerly direction. The defendants' truck was stationed immediately behind the first car which stood at the northerly line of East Seventh Street. Opposite the point where the plaintiff stood a street-car was stationed near a safety zone on the north side of East Seventh Street. No other vehicles or pedestrians appear to have been in sight. When the signal changed to permit the crossing of East Seventh Street, the plaintiff looked to his left and saw the automobiles which he supposed were going straight south across East Seventh Street, and finding his pathway unobstructed, he stepped from the curbing. Upon reaching the rails of the nearest

street-car track, he looked down to avoid stumbling. When he glanced up he found the defendants' truck, which had made a left-hand turn without warning of any sort to go easterly along East Seventh Street, approaching within four feet of him. He jumped to avoid the machine, but was struck, knocked down and seriously injured. The driver of the defendants' machine sounded no horn, and gave the plaintiff no warning of his approach. The driver did not see the plaintiff until it was too late to avoid hitting him. The driver said to the plaintiff as he assisted in picking him up, "I did not see you." Regarding the care which was exercised by the plaintiff in crossing the street, he said: "I never made a step down (from the curbing) until my second signal. . . . I looked when I got—before I stepped off the curb, I saw the car (standing at the north- erly intersection of East Seventh street), the sign turned to 'Go' and the car coming at the same time; there was no car coming this way and no car making any turn that way (toward him). . . . Then I started across the street, and very carefully, too. . . . I came to this spot (the rails of the nearest track) when I stooped down, because I at one time stumbled down that track, and I stooped down and looked and got over that track and when I lifted my head the machine was right on top of me. . . . Q. When going across the street did you look to the left and right to see if there were any automobiles approaching? A. I looked to my left" (whence the defendants' machine approached).

The cause was tried without a jury. At the conclusion of the evidence, and on submission of the cause on July 1, 1931, the judge dictated to the court reporter findings of facts favorable to the plaintiff, which were subsequently transcribed, signed by the judge and given to the deputy clerk to be filed on August 8, 1931. Judgment against the defendants was rendered and entered August 8, 1931. No- tice of intention to move for a new trial was filed August 13, 1931. September 25th a motion for new trial was argued and submitted. It appears this motion was not formally denied by the court until October 26, 1931. Upon presenta- tion of the motion for a new trial it was discovered that the written findings of court had been misplaced and were not found in the records of this case. Thereupon the court, on

the same date upon which the motion for new trial was formally denied, ordered that a copy of the original findings be filed in the cause under the provisions of section 1045 of the Code of Civil Procedure, which was done. This is an accurate copy of the original findings.

The appellants contend the judgment and last-mentioned order should be reversed because the evidence fails to support the judgment and findings that the defendants were guilty of negligence which proximately caused the accident complained of, and upon the contrary that it appears the plaintiff was guilty of contributory negligence; that the court erred in making an *ex parte* order to substitute a copy of the findings for the original lost copy thereof; that the order denying the motion for a new trial was not entered until after the statutory limitation therefor had expired as provided by section 660 of the Code of Civil Procedure, and that the findings are in irreconcilable conflict.

█ The evidence is adequate to support the finding that the driver of defendants' automobile was guilty of negligence in the operation of their machine which was the proximate cause of the injuries sustained by the plaintiff. It was broad daylight. There was very little traffic at the intersection of the streets where the accident occurred. The plaintiff was engaged in crossing East Seventh Street in consonance with the automatic signals and in the pedestrians' pathway, where he had a right to be walking. The driver of defendants' machine was afforded a clear view of him. The plaintiff was apparently attempting to cross the street in an open, unobstructed pathway. The driver of the automobile made a left-hand turn across the pedestrians' course without sounding his horn and evidently without looking ahead of his machine for pedestrians, for when he was charged by the plaintiff with carelessly running him down the driver said, "I know it, Dad, I didn't see you." These facts sufficiently support the finding of negligence on the part of the driver of defendants' machine.

The finding exonerating the plaintiff from contributory negligence is also sufficiently supported by the evidence. After waiting on the curbing for the second signal authorizing the crossing of East Seventh Street, the plaintiff looked and saw the machine as heretofore related, and then care-

fully proceeded to cross the street in the proper pedestrians' pathway. Before stepping from the curbing, he said, "I looked to my left." He had no warning of the approach of the defendants' machine in the attempt of the driver thereof to make the left-hand turn across his course. The plaintiff was looking down to avoid stumbling on the street-car track, as he had done once before. He was naturally a little more cautious of his footing than usual on account of being burdened with the eggs. He had taken the precaution to look to his left whence he might reasonably expect the approach of a machine on the side of the street where he was struck. He had a right to reasonably assume the defendants' machine would cross East Seventh Street, continuing southerly in the course in which it was headed, in the absence of some audible signal that the driver proposed to make the left-hand turn across his pathway. These facts amply support the finding that the plaintiff was not guilty of contributory negligence. (*Davis* v. *Tanner*, 88 Cal. App. 67, 72 [262 Pac. 1106].)

There is no merit in the contention that the court failed to pass upon the motion for new trial until after the statutory time therefor had elapsed. The record contains no written notice of service of the entry of judgment. The defendants' notice of intention to move for a new trial was served and filed August 13, 1931. It was argued and submitted on the twenty-fifth day of September. The motion was therefore automatically denied October 12th, as provided by statute, which was sixty days after the filing of the notice of intention to move for a new trial. The fact that the court subsequently filed a written order to that effect on October 26th was surplusage and harmless. The last paragraph of section 660 of the Code of Civil Procedure provides in that regard: "The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. *If such notice is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court.*"

■ It appears from the record that the written findings and decision of the court were regularly filed with the clerk as required by section 632 of the Code of Civil Procedure. When a document which is entitled to be filed in the records of the court is handed to the clerk in his office for the purpose of filing, in contemplation of law, it is deemed to have been filed, and neither the clerk's omission to perform his ministerial duty of actually placing upon it the filing mark and indorsement, nor the careless misplacing of the instrument will suffice to destroy the presumption of filing. (*Dillon* v. *Superior Court,* 24 Cal. App. 760, 765 [142 Pac. 503]; *Keller* v. *Gerber,* 49 Cal. App. 515 [193 Pac. 809]; 21 Cal. Jur., p. 895, sec. 76.) ■ The findings in this case had been dictated to the court reporter by the judge at the close of the trial in the presence of respective counsel. They were transcribed and handed to the deputy clerk to be filed. These findings were inadvertently misplaced and lost. There is no question regarding the accuracy of the copy thereof which was subsequently filed by order of the court. The defendants were in no way prejudiced by the loss of the original findings or by the substitution of the copy thereof. We may assume it is necessary for the court to have competent evidence of the loss of an original pleading or paper constituting a part of the record of a pending proceeding, before it may properly authorize a copy of the document to be filed pursuant to section 1045 of the Code of Civil Procedure. It has been held that evidence of the loss of such a document may be properly furnished by affidavit filed in the case. (*Knowlton* v. *Mackenzie,* 110 Cal. 183 [42 Pac. 580]; *Davis* v. *Schneider,* 91 Cal. App. 187 [266 Pac. 959].) The statute does not provide that the court's jurisdiction to make such an order shall be dependent upon previous notice to the respective litigants. No such notice is required by statute. There is no contention in the present case that the substituted copy of the findings is not an accurate duplication of the original findings.

■ The judicial knowledge of the trial judge respecting the records in this particular case which was pending before him is evidence of the actual loss of the instruments sufficient to authorize him to direct the filing of a copy thereof. In the minute order authorizing the filing of the copy of the

findings, the judge recites that: "It appearing to the court *from his personal knowledge* that findings of fact and conclusions of law in the above entitled and numbered action were regularly prepared and signed by the court, and were by the court filed with the deputy clerk of Department 35 of the above named court, . . . and that the said findings of fact and conclusions of law have become lost after having been made and filed in accordance with the provisions of section 632 of the Code of Civil Procedure." An affidavit was unnecessary in the present case to establish the loss of the document. A court will take judicial notice of the official acts which the judge himself personally performs in a pending case. A judge will also take judicial notice of the condition of the records of a case which is actually pending in his court. In 23 C. J., page 61, section 1811, it is said: "A judge will assume judicial knowledge of facts which he has learned through former litigation in the same jurisdiction, or at an earlier hearing in the same case; and *he may take judicial cognizance of what he has himself done as judge,* as for example that he has in his official capacity signed a certain paper."

Numerous authorities from this and other jurisdictions, including the case of *Hollenbach* v. *Schnabel,* 101 Cal. 312 [35 Pac. 872, 40 Am. St. Rep. 57], supports the text in 15 Ruling Case Law, page 1113, section 44, which reads in part: "A court has knowledge of the genuineness of its own records. Notice will uniformly be taken by a court of its own records in the case at bar."

 Moreover, if it be deemed there was a departure from the proper procedure of authorizing the substitution of a copy of the original findings which were signed and delivered to the clerk for filing, the defendants are not harmed thereby, for it is not contended this copy is not an accurate duplication of the original document. Under such circumstances, the judgment should be affirmed in compliance with the provisions of article VI, section 4½, of the Constitution, for there appears to have been no miscarriage of justice in rendering judgment against the defendants. In the case of *Gill* v. *Southern Pacific Co.,* 174 Cal. 84 [161 Pac. 1153, 1155], it is said: "A judgment will not be va-

cated for irregularity in procedure if it appears that upon the merits it was just and right. The party applying for such relief must show that he would be injured if the judgment is allowed to stand.''

It is asserted the findings which were adopted by the court are in irreconcilable conflict and therefore fail to support the judgment. We are of the opinion the findings may be reasonably reconciled so as to support the judgment against the defendants. The court specifically found that the allegations of paragraphs II, III, IV and V of the complaint were true. It failed to find that the allegations of paragraph I of the complaint were or were not true. The last-mentioned paragraph referred merely to certain defendants who were joined by reference to their fictitious names. This is not material because the cause was dismissed as to these fictitious parties. After specifically finding the nature and extent of the injuries which were received by the plaintiff, the court further specifically found ''that the plaintiff looked in a westerly direction on Seventh street before leaving the curb'', etc. This last-mentioned finding specifically refutes the affirmative allegation of the answer which charges the plaintiff with contributory negligence. But the court further finds in that regard ''that the separate and distinct answer and defense set forth in the answer, that the accident resulted from negligence on the part of the plaintiff, is not true''.

The alleged inconsistency in the findings is included in the final statement therein contained that, ''The court finds that paragraphs I, II, III and IV (except wherein they have been specifically found to be true in the foregoing) are not true.'' It is contended this last-mentioned finding is in direct conflict with the previous findings to the effect that paragraphs II, III, IV and V of the complaint are true. If this charge be true, then there is no valid finding that the defendants were guilty of negligence, for the alleged negligence of the defendants is stated in paragraph IV of the complaint, which reads: ''That the said Alfred Bradford did then and there so negligently, carelessly and unlawfully without due regard for the rights of others using and occupying said streets drove, operated, main-

tained and equipped said automobile truck that it came into violent contact and collision with the plaintiff.''

It has been uniformly held that when the allegations of a complaint are sufficiently specific to charge the essential facts relied upon, a finding to the effect that all of the allegations of a specified count of such pleading are true, constitutes an adequate finding upon the facts therein contained. (*Ames* v. *City of San Diego,* 101 Cal. 390 [35 Pac. 1005] ; 24 Cal. Jur., p. 989, sec. 215.) Findings should receive such construction as will uphold rather than defeat the judgment. (*Ensele* v. *Jolley,* 188 Cal. 297, 303 [204 Pac. 1085] ; *Metcalf* v. *Hill,* 97 Cal. App. 597 [275 Pac. 994].)

In support of the judgment in the present case it may reasonably be held the last challenged finding that ''paragraphs I, II, III and IV (except wherein they have been specifically found to be true in the foregoing) *are not true*'', is uncertain and void because it does not indicate whether the paragraphs referred to are contained in the complaint or in the answer. Both the complaint and answer contain similarly numbered paragraphs. Regarding the invalidity of uncertain findings, it is said in 24 California Jurisprudence, page 989, section 215: ''Findings by reference to pleadings which leave something undetermined so that an appellate court may not ascertain precisely what facts are found are unquestionably insufficient.''

Moreover, if the challenged finding be held to also refer to the paragraphs of the complaint with sufficient accuracy to distinguish it from the answer, although that designation was omitted, it may still be reasonably reconciled with the former specific findings that paragraphs II, III, IV and V of the complaint are true, by holding that the meaning of the challenged finding is that paragraph I of the complaint is untrue, since the court failed to previously find the truth or untruth of that particular paragraph. The allegations of the other paragraphs of the complaint were specifically found to be true. This construction will give effect to the exception contained in the challenged instruction. Otherwise that exception is meaningless. This construction of the last finding will uphold the judgment.

It is quite evident the court intended to adopt findings favorable to the plaintiff. We are of the opinion the find-

ings are adequate. There is no miscarriage of justice disclosed by the record.

The judgment and the order are affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1934.