[Civ. No. 15358.   Second Dist., Div. Two.   Dec. 19, 1946.]

KENNETH DUCAT, Respondent, v. LARRY S. GOLDNER, Appellant.

Parker, Stanbury & Reese and Harry D. Parker for Appellant.

Katz, Gallagher & Margolis, John T. McTernan and A. Marburg Yerkes for Respondent.

WILSON, J.—From a judgment on a verdict in favor of plaintiff in a personal injury action defendant appeals, asserting as grounds for reversal errors in the instructions to the jury, errors in the admission of evidence, and contributory negligence of plaintiff.

Respondent was walking in a southerly direction on the west side of La Brea Avenue, in the city of Los Angeles, at about 2 o'clock in the morning. He started across Eighth Street about the middle of the crosswalk which was marked with white lines, and after taking four or five steps from the north curb line of Eighth Street was struck by appellant's automobile and knocked in a southwesterly direction. At that time there were no street lights and the business establishments in the neighborhood were dark. Rain was falling. Respondent was wearing a long, dark green overcoat and a black rain hat which had a large visor on the back. Before stepping from the curb into Eighth Street respondent looked east and west along Eighth Street and over his left shoulder to the north along La Brea Avenue for the approach of automobiles but saw none. Appellant drove in a southerly direction along La Brea Avenue and made a right turn westerly into Eighth Street. He was driving slowly and after striking respondent his car came to a stop within the lines of the crosswalk, the front end of the car being substantially in line with the west line of the crosswalk. Appellant testified that he did not see respondent until the collision occurred; that his windshield wipers were working and that the lights on his car were burning. Respondent testified that after the accident, when he was being taken home by appellant, the latter worked the wiper on the left side in front of the driver's seat with his hand and said "It's bad out tonight. It's hard to see."

1. *Alleged errors in the instructions to the jury.*
(a) The court instructed the jury as follows: "You are

hereby instructed that if you find that by a preponderance of the evidence that defendant turned his vehicle from a southbound direction in La Brae Avenue to the right and into Eighth Street without giving warning to plaintiff or without plaintiff's knowledge, you may find that defendant was negligent toward plaintiff." Appellant contends that by the use of the phrase "without giving warning to plaintiff or without plaintiff's knowledge" the court actually gave two instructions in one in that the jury was instructed that defendant was negligent under either of the two alternatives that are conjoined with the word "or." It is also contended that the instruction was defective for the reason that it did not fix the position of respondent either in the crosswalk or elsewhere. We find no error in the instruction. Appellant admitted that he gave no warning as he was turning at a dark corner into a marked crosswalk where a pedestrian might be expected to be. Respondent testified that he looked in all directions from which it might have been anticipated that a vehicle would approach and saw no lights. From the evidence it will be presumed that when respondent looked before stepping from the curb appellant's car was so far distant that the lights were not visible by reason of the atmospheric conditions or that they were obscured by the buildings at the street corner. It is not claimed that respondent had any actual knowledge of the approach of the automobile. Properly construed the instruction means that appellant was negligent if he turned the corner without giving warning unless respondent knew by some other means that the car was approaching.

Appellant had no right to assume that the road was clear but it was his duty to be vigilant and to anticipate the presence of others in the highway. The fact that he did not know that respondent was in the street is no excuse for his failure to give warning (*Rush* v. *Lagomarsino,* 196 Cal. 308, 317 [237 P. 1066]; *Meyers* v. *Bradford,* 54 Cal.App. 157, 159 [201 P. 471]) or to keep a proper lookout for pedestrians. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 P. 125]; *Zarzana* v. *Neve Drug Co.,* 180 Cal. 32, 37 [179 P. 203, 15 A.L.R. 401]; *Schomer* v. *R. L. Craig Co.,* 137 Cal.App. 620, 624 [31 P.2d 396].)

The evidence of both parties, who were the only witnesses to the accident, was that respondent was in the cross-

walk at the time he was struck, and since there is no dispute as to where he was walking it was not necessary to instruct the jury concerning his position.

Although, as we have stated, there is no claim either that appellant gave warning or that respondent had knowledge of the approach of the car, any objection that appellant has advanced is excluded from consideration by the fact that both elements were submitted to the jury by the instruction. (See *Maggart* v. *Bell*, 116 Cal.App. 306, 310 [2 P.2d 516].) The jury was not instructed, as in *White* v. *Davis*, 103 Cal. App. 531, 544 [284 P. 1086], that the law required that the driver of the car make certain that the pedestrian was aware of his approach.

Section 671(b) of the Vehicle Code requires the driver of a motor vehicle to give an audible warning with his horn ''when reasonably necessary to insure safe operation.'' The darkness of the streets and the condition of the weather required that a reasonably prudent person should sound his horn to insure safe operation of his automobile when turning a corner at a place where a pedestrian might reasonably be expected. The inability of appellant to see respondent did not affect the former's liability.

(b) Another instruction complained of by appellant reads as follows: ''You are hereby instructed that a pedestrian crossing an intersection in a crosswalk is not required to look behind him for traffic which might approach him by turning from the intersecting street, or to continue looking in that direction as he crosses.'' Appellant requested the court to withdraw the instruction and to instruct the jury to disregard it, and in lieu thereof to give the following: ''The question as to whether plaintiff should have looked behind him for traffic which might approach him by turning from the intersecting street is a question of fact which must be determined by you from all of the evidence and circumstances in this particular case. It is your duty to determine what an ordinarily prudent person, situated as plaintiff was, would have done under the conditions and circumstances existing at and prior to the time of the happening of the accident in question. If you find from a consideration of the entire evidence in this case that the plaintiff did not exercise for his own safety that degree of care which an ordinarily prudent person would have exercised under the circumstances, then you should find that plaintiff was negligent.''

It is true that whether or not a pedestrian has been negligent is to be determined from all the facts and circumstances in evidence. Nevertheless, the instruction given by the court is a correct statement of the law. (*Courviosier* v. *Berger*, 61 Cal.App. 470, 476 [215 P. 93]; *Kletz* v. *MacAdam*, 94 Cal. App. 770, 773 [271 P. 1101]; *Devecchio* v. *Ricketts*, 66 Cal. App. 334, 340 [226 P. 11]; *Erickson* v. *Grady*, 119 Cal.App. 596, 599 [6 P.2d 1002]; *Cleveland* v. *Petrusich*, 117 Cal.App. 71, 74 [3 P.2d 384].) The instruction requested by appellant is not applicable under the evidence. When respondent looked to the north for cars that might turn to the right from La Brea Avenue into Eighth Street and saw none his duty was fully performed and he was not required to continue looking in that direction. (*Bogan* v. *White*, 137 Cal.App. 150, 152 [30 P.2d 429]; *Nickell* v. *Rosenfield*, 82 Cal.App. 369, 374 [255 P. 760].)

██ 2. *Alleged error in admitting hospital bills in evidence.* Respondent offered evidence of hospital charges against him for which he had become liable for the treatment of the injuries suffered by him as a result of the accident. Pursuant to subpoena a collector for the Bureau of Research and Collections of the County of Los Angeles produced the original records of charges made against respondent for hospital and medical treatment in the Los Angeles County Hospital. The documents consisted of the original ledger sheet and a memorandum bill showing the charges. Their authenticity and the fact that they had been prepared in the ordinary course of business were established by the witness. They indicated the liability incurred by respondent to the county of Los Angeles. Appellant contends that no foundation was laid in that the necessity for the services rendered and the reasonableness of the amounts charged were not shown. It seems clear from the examination of the witness and from the colloquy of the attorneys during his examination that the documents were not offered for the purpose of proving either the necessity for the services or the reasonableness of the charges. The documents were admissible for the purpose of establishing the liability incurred by respondent for the treatment of his injuries. (*Egan* v. *Bishop*, 8 Cal.App.2d 119, 122 [47 P.2d 500].) The determination by the trial court that the foundation laid was sufficient is binding upon the appellate court. (Idem, p. 123; Code Civ. Proc., § 1953f.) ██ A book of account is prima facie but not conclusive evidence of the transactions recorded

therein and the degree of credit to be given to it as evidence is ordinarily a question for the jury. (*MacDiarmid* v. *McDevitt,* 97 Cal.App. 414, 418 [275 P. 500].)   Evidence that respondent owed a bill to the county hospital was competent to show the expense which he had incurred as a result of the accident. (*Dewhirst* v. *Leopold,* 194 Cal. 424, 433 [229 P. 30]; *Laubscher* v. *Blake,* 7 Cal.App.2d 376, 383 [46 P.2d 836]; *Fleming* v. *Flick,* 140 Cal.App. 14, 35 [35 P.2d 210]; *Townsend* v. *Keith,* 34 Cal.App. 564, 565 [168 P. 402].) The reasonableness of the expenses is not disputed.   The verdict was for the sum of $4,500 without segregating special from general damages, and no request was made for segregation. If the evidence does not support a verdict for special damages it does support general damages in the sum awarded. It is not claimed that the verdict is excessive in amount. In the absence of any showing to the contrary it is presumed that the sum awarded was for pain and suffering and nothing for special damages. (*Johnson* v. *Pearson,* 100 Cal.App. 503, 508 [280 P. 394].)

  There is no merit in appellant's contention that respondent's special damages were not properly pleaded. It is alleged in the complaint that by reason and as a result of the negligence of defendant plaintiff was caused to employ the services of physicians and surgeons and to incur necessary hospital and medical bills, the exact amount of which was unknown at the time the complaint was filed, and that plaintiff would ask leave to amend his pleading so as to set forth the exact amount of the bills therefor. The fact that respondent did not ask leave to amend his complaint by inserting the precise amount of his obligations is of no consequence. Appellant was advised by the pleading that respondent would claim such charges as a part of his damages. He could have ascertained the amounts by demanding a statement of the same or by taking respondent's deposition. Appellant makes no contention that he was surprised by the proof, or that he was without opportunity to defend against the claim, or that the amount was excessive. Having suffered no harm he is without ground for complaint. (Const., art. VI, § 4½.)

  3. *The sufficiency of the evidence.* Appellant contends that there is no evidence proving negligence on his part. He asserts that by reason of the atmospheric conditions to which we have referred and of the fact that respondent was wearing a dark rain coat and hat, he was practically ''blacked

out,'' rendering it impossible for him to be seen. The facts have been fully stated and adequately sustain the verdict and judgment. Appellant failed to sound his horn (§ 671(b), Veh. Code) and failed to yield the right of way to a pedestrian in a crosswalk. (§ 560(a).) Violation of the statute was negligence as a matter of law. (*Nicholas* v. *Leslie*, 7 Cal.App.2d 590, 595 [46 P.2d 761]; *Clinkscales* v. *Carver*, 22 Cal.2d 72, 75 [136 P.2d 777]; *Devecchio* v. *Ricketts*, 66 Cal.App. 334, 338 [226 P. 11]; *Cleveland* v. *Petrusich*, 117 Cal.App. 71, 79 [3 P.2d 384].)

4. *Contributory negligence of respondent.* Appellant's contention that respondent is shown by the evidence to have been guilty of contributory negligence has already been considered in the discussion of the instructions and need not be further elaborated. The facts negate that defense. In addition to the cases previously cited see *Schomer* v. *R. L. Craig Co.*, 137 Cal.App. 620, 625 [31 P.2d 396]; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 341 [208 P. 125].

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 13, 1947. Schauer, J., voted for a hearing.